**Lawrence Edward THOMPSON, Appellant,**

v.

**S. HENDERSON, Appellee.**

**No. 01–95–01315–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 8, 1996.

Lawrence E. Thompson, Huntsville, for appellant.

Linda M. Kearney, Austin, for appellee.

Before HUTSON-DUNN, O'CONNOR and TAFT, JJ.

## OPINION

HUTSON–DUNN, Justice.

This is an appeal from a dismissal with prejudice of appellant's *pro se in forma pauperis* action. The trial court dismissed appellant's suit as frivolous under TEX. CIV. PRAC. & REM.CODE ANN. § 13.001(a)(2) (Vernon Supp.1996). We reverse.

Appellant, Lawrence Edward Thompson, a state prison inmate, brought suit against appellee, S. Henderson, alleging deliberate indifference to his medical needs, retaliation and intentional infliction of emotional distress. Henderson is a licensed vocation nurse and was assigned to the Estelle Unit of the Texas Department of Criminal Justice, Institutional Division (TDCJ–ID), appellant's incarceration unit. Appellant alleged in his petition that on June 8, 1995, when Henderson filled out a new Health Summary for Classification form showing appellant's medical restrictions, she intentionally did not state on the form that appellant should be restricted to a lower row. Because appellant's housing restrictions were changed, he was reassigned to a cell on a higher row. He alleged that having to walk up to higher rows caused him daily physical pain and suffering from his arthritic knees, right foot, back injury, chest pains, and dizziness from his asthmatic condition. Without conducting a hearing, the trial court dismissed appellant's suit as frivolous under TEX. CIV. PRAC. & REM.CODE ANN. § 13.001(b)(2) (Vernon Supp. 1996). On appeal, appellant contends the trial court abused its discretion in dismissing appellant's suit under TEX. CIV. PRAC. & REM. CODE ANN. § 13.001(b)(2) because his petition has an arguable basis in law and fact. Henderson argues that because appellant did not comply with TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.004–.005 (Vernon Supp.1996), the trial court was entitled to dismiss appellant's claims.

Effective June 8, 1995, the dismissal of inmate lawsuits is governed by TEX. CIV. PRAC. & REM.CODE ANN. § 14.001–.014 (Vernon Supp.1996).[1] We note that TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b)(2) is similar to section 13.001(b)(2), the provision under which the trial court dismissed appellant's claims. However, chapter 14 also imposes additional requirements that an inmate must meet before filing suit in a district court. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.004–.005. It appears the trial court would have been justified in dismissing appellant's lawsuit for failure to comply with additional requirements of chapter 14, that is, §§ 14.004, 14.005; however, the trial court should not have dismissed appellant's lawsuit pursuant to section 13.001(b)(2).[2]

Because appellant's causes of action accrued on June 8, 1995, the trial court should have reviewed appellant's claims under the provisions of chapter 14. Accordingly, we reverse this case and remand it to the trial court for further proceedings consistent with the opinion of this Court.

---

1. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 10, 1995 Tex. Gen. Laws 2921, 2927, effective June 8, 1995. This Act applies only to a cause of action that accrues on or after the effective date of this Act.

2. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 13.004 (Vernon Supp.1996) which states, "This Chapter does not apply to a claim governed by Chapter 14." Chapter 13 *amended by* Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 3, 1995 Tex. Gen. Laws 2921, 2925.