NO. 07-00-0450-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 16, 2001

______________________________

FREDDIE LEE WALKER, APPELLANT

V.

TDCJ-ID, ET AL., APPELLEE

_________________________________

FROM THE 23RD DISTRICT COURT OF BRAZORIA COUNTY;

NO. 12290*I00; HONORABLE BEN HARDIN, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Freddie Lee Walker, an inmate proceeding 
pro se
 and 
in forma pauperis
, brings this appeal from the trial court’s order of dismissal in his civil rights action against appellees TDCJ-ID, T. Miller, and M. Artherholt for intentionally interfering with correspondence between himself and his son, who is incarcerated at a different facility.  Presenting three points of error, Walker contends (1) the trial court abused its discretion in granting Miller and Artherholt’s motion to dismiss without a fact hearing; (2) he was denied due process because the trial court refused to hear his timely objection to TDCJ’s original answer and jury demand and motion to dismiss; and (3) the trial court abused its discretion because the order of dismissal does not indicate whether he failed to comply with section 14.004 of the Texas Civil Practice and Remedies Code.  Based upon the rationale expressed herein, we affirm.

Walker is an inmate in the Ramsey II Unit in Rosharon, Texas.  His son is an inmate in the John Connally Unit in Kenedy, Texas.  T. Miller is the mailroom supervisor and M. Artherholt is an assistant supervisor at the Ramsey II Unit.  Walker assists his son with legal matters and considers himself to act as his son’s “jailhouse lawyer.”  According to Walker’s live pleading, on May 3, 2000, he was advised by mailroom personnel that a letter from his son was denied for containing plans for activities in violation of correspondence policy.  The Unit’s “Correspondence/Contraband Denial Form” indicates that the letter contained plans for “trafficking and trading.”  Walker contends he was denied the right to review the contents of the letter in accordance with institution rules.  He appealed the decision to the director in Huntsville and filed a grievance in his unit.  Walker commenced a civil rights action alleging he was denied access to the courts when Miller and Artherholt violated a rule that provides:

[e]mployees are prohibited from interfering in any manner with the inmate’s/client’s right of access to courts or to public officials.  This includes, but is not limited to, unauthorized denial of legal visits or material, harassing or retaliating against inmates/clients for exercising their right to file a grievance or complaint, or corresponding with the courts or public officials. 

Following the filing of their original answer and jury demand, Miller and Artherholt filed a motion to dismiss Walker’s suit alleging that he failed to comply with sections 14.004 and 14.006 of the Texas Civil Practice and Remedies Code.  After considering the pleadings of the parties, the trial court signed an order granting the motion.

In reviewing the dismissal of a claim under chapter 14, we apply the abuse of discretion standard.  McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535, 536 (Tex.App.–Houston [14th Dist.] 1998, no pet.); 
see also
 Hick v. Moya, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ).  Abuse of discretion is determined by whether the court acted without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985).  The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge does not demonstrate that an abuse of discretion has occurred.  
Id
.

By his first point of error, Walker contends the trial court abused its discretion by granting the motion to dismiss without holding a hearing.  We disagree.  Section 14.003(c)  provides that in determining whether to dismiss a claim under 14.003(a), the 
court
 
may hold a hearing
.  (Emphasis added).  The plain language of the statute indicates that the court’s determination to hold a hearing is discretionary.  Thomas v. Wichita General Hosp., 952 S.W.2d 936, 938 (Tex.App.–Fort Worth 1997, pet. denied).  Walker does not demonstrate how the trial court abused its discretion, nor does he contend there is evidence he would have presented at a hearing.  Point of error one is overruled.

By his second and third points of error, Walker contends that his due process rights were violated by the trial court’s refusal to hear his objections to Miller and Artherholt’s original answer and jury demand and motion to dismiss.  We disagree.  This Court recognizes that an inmate has a constitutional right to access the courts for the purpose of presenting their complaints.  Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).  However, 
pro se
 litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure.  Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex.App.–Amarillo 1997), 
reh’g denied
, 960 S.W.2d 713 (1997).  
 

Inmate litigation is governed by chapter 14 of the Texas Civil Practice and Remedies Code Annotated (Vernon Supp. 2001).  Walker’s lawsuit is subject to the provisions of that chapter.  Thompson v. Henderson, 927 S.W.2d 323, 324 (Tex.App.–Houston [1st Dist.] 1996, no writ).  When an inmate files an affidavit of inability to pay costs, he is required to comply with the mandatory requirements set forth in section 14.004(a) relating to previously filed lawsuits.  Further, pursuant to section 14.004(c), the inmate must also provide a certified copy of his trust account statement.

Walker’s declaration of inability to pay costs was accompanied by a certified copy of his trust account statement and an affidavit describing previous lawsuits.  Miller and Artherholt filed their motion to dismiss alleging that Walker had not complied with certain requirements of section 14.004(a).  The trial court’s order does not specify on what basis the motion to dismiss was granted.  Thus, we may affirm the order if any proper ground supports it.  Shook v. Gilmore & Tatge Mfg. Co., Inc., 951 S.W.2d 294, 296 (Tex.App.–Waco 1997, writ denied). 

Section 14.004(a)(2)(A) requires that an inmate recite in his affidavit of previous lawsuits the operative facts for which relief was sought.  Section 14.004(a)(2)(C) requires that each party to the lawsuit be identified.  Although Walker listed two prior suits in his affidavit, he failed to comply with the mandatory requirements of the statute requiring operative facts and identification of parties.  No facts nor the type of claims sued upon are contained in Walker’s affidavit.  Also, the styles of the cases contain the notations “
et al.
” which do not identify each party named in the suits.

Chapter 14 is designed to control the flood of frivolous lawsuits being filed by inmates.  
Hickson
, 926 S.W.2d at 399.  The supplemental filings required by section 14.004 are designed to assist the trial court in making determinations that the Legislature has called upon it to make.  
Id
.  Thus, it is an essential part of the process by which courts review inmate litigation.  
Id
.  Walker’s failure to comply with the mandatory requirements of section 14.004(a)(2) was a proper ground for dismissal by the trial court.  
See generally 
 Williams v. Brown, 33 S.W.3d 410, 412 (Tex.App.–Houston [1st Dist.] 2000, no pet.) (holding that the trial court did not abuse its discretion in dismissing inmate’s claim on the ground that he did not comply with section 14.004 because he failed to attach a certified copy of his trust account to his affidavit of inability to pay costs).  Thus, we find the trial court did not abuse its discretion in dismissing Walker’s cause of action.  Points of error two and three are overruled.
(footnote: 1)
 Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
We have not overlooked Walker’s reply brief.  However, we do not address any points raised therein for two reasons.  First, he contends he complied with section 14.004 which is addressed in this opinion.  Second, he requests that we impose sanctions against the Attorney General for an untimely filed brief.  By order of this Court, on February 27, 2001, a motion for extension of time in which to file its brief was granted to the Attorney General, making its brief timely filed.  Also, no new points or issues may be raised in a reply brief.  
See
 Tex. R. App. P. 38.3; Barrios v. State, 27 S.W.3d 313, 321 (Tex.App.–Houston [1st Dist.] 2000, pet. ref’d).