NO. 07-01-0006-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 15, 2001

_____

ALFRED YOUNG, JR. , APPELLANT

V.

DAVID GUTIERREZ AND GARY ANTHONY, APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-511,451; HONORABLE BLAIR CHERRY, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Alfred Young, Jr., an inmate proceeding *pro se*, challenges the trial court's order dismissing his personal injury action against appellees David Gutierrez and Gary Anthony. Young contends (1) the trial court abused its discretion by dismissing his claim, (2) his claims raise numerous facts in support of his claim, (3) he adequately rendered a pauper's affidavit in a timely manner, and (4) he is a layman-at-law and should

not be held to the same standards as a licensed lawyer. Based on the rationale expressed herein, we affirm.

Young, while imprisoned at the Lubbock County Jail, filed suit in Lubbock County alleging eye injuries sustained from cleaning chemicals sprayed in his face by appellees. After Young forwarded his petition, the District Clerk notified him that it was being held because it did not comply with the rules set out in the Texas Civil Practice and Remedies Code for failure to include an "affidavit or unsworn declaration not accompanied by certified copy of trust account statement required by § 14.006(f)."[1] Young then sent the clerk's office correspondence containing a letter, a pauper's affidavit, and an uncertified copy of his trust account statement. However, he did not include a separate affidavit identifying other suits in which he had been involved as required by section 14.004(a)(1) of the Code. Following a general denial, Gutierrez and Anthony filed a motion to dismiss pursuant to the Texas Civil Practice and Remedies Code and the Texas Rules of Civil Procedure, which was subsequently granted.

We first address Young's contention that he should not be held to the stringent standards of a licensed attorney. This Court recognizes that an inmate has a constitutional right to access the courts for the purpose of presenting their complaints. Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). However, *pro se*

---

[1]All references herein are to the Texas Civil Practice and Remedies Code Annotated (Vernon Supp. 2001).

2

litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex.App.–Amarillo 1997), *reh'g denied*, 960 S.W.2d 713 (1997). Young's contention is therefore overruled.

By his remaining contentions, appellant contends the trial court abused its discretion by dismissing his claim prematurely because he rendered an adequate pauper's affidavit and his complaint was factually supported. We disagree. We note that Young does not reference the record in support of his claim as required by Rule 38.1(f) of the Texas Rules of Appellate Procedure. However, in the interest of justice, we will consider his complaint. *See* Tex. R. App. P. 38.9; *see also* Motor Vehicle Bd. of Tex. v. Epiada, 1 S.W.3d 108, 111 (Tex. 1999).

In reviewing the dismissal of a claim under chapter 14 of the Code, we apply the abuse of discretion standard. McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535, 536 (Tex.App.–Houston [14th Dist.] 1998, no pet.); *see also* Hick v. Moya, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ). Abuse of discretion is determined by whether the court acted without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge does not demonstrate that an abuse of discretion has occurred. *Id*. Because the order dismissing Young's complaint did not specify a reason for the dismissal, we may

3

affirm the order if any proper ground supports it. Shook v. Gilmore & Tatge Mfg. Co., Inc. 951 S.W.2d 294, 296 (Tex.App.–Waco 1997, writ denied).

Young's lawsuit is governed by the rules set out in chapter 14 of the Code. Thompson v. Henderson, 927 S.W.2d 323, 324 (Tex.App.–Houston [1st Dist.] 1996, no writ). In order for an inmate to file a complaint he must comply with all the requirements set out in chapter 14 or his suit is subject to dismissal. *See* Williams v. Brown, 33 S.W.3d 410, 412 (Tex.App.–Houston [1st Dist.] 2000, no pet.). Young failed to file a certified copy of his trust account statement as required by section 14.006(f) and also failed to file an affidavit relating to previous filings under section 14.004 of the Code. Thus, we find that the trial court did not abuse its discretion in dismissing Young's lawsuit. Appellant's contentions are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4