NO. 07-01-0006-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 15, 2001



______________________________




ALFRED YOUNG, JR. , APPELLANT



V.



DAVID GUTIERREZ AND GARY ANTHONY, APPELLEE




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-511,451; HONORABLE BLAIR CHERRY, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Alfred Young, Jr., an inmate proceeding pro se, challenges the trial
court's order dismissing his personal injury action against appellees David Gutierrez and
Gary Anthony. Young contends (1) the trial court abused its discretion by dismissing his
claim, (2) his claims raise numerous facts in support of his claim, (3) he adequately
rendered a pauper's affidavit in a timely manner, and (4) he is a layman-at-law and should
not be held to the same standards as a licensed lawyer. Based on the rationale expressed
herein, we affirm.

 Young, while imprisoned at the Lubbock County Jail, filed suit in Lubbock County
alleging eye injuries sustained from cleaning chemicals sprayed in his face by appellees. 
After Young forwarded his petition, the District Clerk notified him that it was being held
because it did not comply with the rules set out in the Texas Civil Practice and Remedies
Code for failure to include an "affidavit or unsworn declaration not accompanied by
certified copy of trust account statement required by § 14.006(f)." (1) Young then sent the
clerk's office correspondence containing a letter, a pauper's affidavit, and an uncertified
copy of his trust account statement. However, he did not include a separate affidavit
identifying other suits in which he had been involved as required by section 14.004(a)(1)
of the Code. Following a general denial, Gutierrez and Anthony filed a motion to dismiss
pursuant to the Texas Civil Practice and Remedies Code and the Texas Rules of Civil
Procedure, which was subsequently granted.

 We first address Young's contention that he should not be held to the stringent
standards of a licensed attorney. This Court recognizes that an inmate has a
constitutional right to access the courts for the purpose of presenting their complaints. 
Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). However, pro se
litigants are held to the same standards as licensed attorneys and must comply with
applicable laws and rules of procedure. Greenstreet v. Heiskell, 940 S.W.2d 831, 834
(Tex.App.-Amarillo 1997), reh'g denied, 960 S.W.2d 713 (1997). Young's contention is
therefore overruled.

 By his remaining contentions, appellant contends the trial court abused its
discretion by dismissing his claim prematurely because he rendered an adequate pauper's
affidavit and his complaint was factually supported. We disagree. We note that Young
does not reference the record in support of his claim as required by Rule 38.1(f) of the
Texas Rules of Appellate Procedure. However, in the interest of justice, we will consider
his complaint. See Tex. R. App. P. 38.9; see also Motor Vehicle Bd. of Tex. v. Epiada, 1
S.W.3d 108, 111 (Tex. 1999).

 In reviewing the dismissal of a claim under chapter 14 of the Code, we apply the
abuse of discretion standard. McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535,
536 (Tex.App.-Houston [14th Dist.] 1998, no pet.); see also Hick v. Moya, 926 S.W.2d
397, 398 (Tex.App.-Waco 1996, no writ). Abuse of discretion is determined by whether
the court acted without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may
decide a matter within his discretionary authority in a different manner than an appellate
judge does not demonstrate that an abuse of discretion has occurred. Id. Because the
order dismissing Young's complaint did not specify a reason for the dismissal, we may
affirm the order if any proper ground supports it. Shook v. Gilmore & Tatge Mfg. Co., Inc.
951 S.W.2d 294, 296 (Tex.App.-Waco 1997, writ denied). 

 Young's lawsuit is governed by the rules set out in chapter 14 of the Code. 
Thompson v. Henderson, 927 S.W.2d 323, 324 (Tex.App.-Houston [1st Dist.] 1996, no
writ). In order for an inmate to file a complaint he must comply with all the requirements
set out in chapter 14 or his suit is subject to dismissal. See Williams v. Brown, 33 S.W.3d
410, 412 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Young failed to file a certified copy
of his trust account statement as required by section 14.006(f) and also failed to file an
affidavit relating to previous filings under section 14.004 of the Code. Thus, we find that
the trial court did not abuse its discretion in dismissing Young's lawsuit. Appellant's
contentions are overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.

1. All references herein are to the Texas Civil Practice and Remedies Code
Annotated (Vernon Supp. 2001).