NO. 07-02-0514-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 5, 2003

_____

RICKY STARKS, #733678, APPELLANT

V.

THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 089812-00-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

**Memorandum Opinion**

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

Appellant Ricky Starks appeals from an order dismissing his *pro se, in forma pauperis* suit under Chapter 14 of the Texas Civil Practice and Remedies Code (the Code). We affirm the judgment of the trial court.

Procedural History

Appellant is an inmate at the Clements Unit of the Texas Department of Criminal Justice, Institutional Division (the Department). On April 29, 2002, he filed suit against the Department alleging he had sustained mental and physical suffering as a result of being obliged to sit on a concrete floor because of a lack of adequate seating in the penitentiary day room. On June 19, 2002, the Department filed its answer and, incident to that answer, filed a special exception seeking a dismissal of the suit on the basis that appellant had not filed an affidavit sufficient to satisfy section 14.004 of the Code and, in particular, that appellant had failed to include the operative facts about previous suits filed by him.

On June 20, 2002, the trial court entered an order sustaining the exception and allowing appellant ten days to "re-plead his cause of action against Defendant in conformity with this order." In response to that order, appellant filed a sequence of pleadings in which he asserted that his failure to meet the requirements of the statute were because Chapter 14 was not included in the copy of the Code in the prison library, that the trial court should take judicial notice of his prior suits which were dismissed on a "time barred basis," and that the "insufficient issues in his present affidavit are the result of prejudice caused to him by the defendant." On October 17, 2002, the trial court executed

2

the order dismissing appellant's suit on the basis that it was "**FRIVOLOUS** for failure to comply with Chapter 14 of the Texas Civil Practices [sic] and Remedies Code."

In presenting his appeal, and in various issues directed at the same question, appellant contends the trial court reversibly erred in dismissing his suit because of a failure to comply with Chapter 14 of the Code. In his reply brief, he focalizes his challenge to be the "controlling error is his [appellant's] allegation of being deprived of total access to the only information relevant to the issue upon which his lawsuit was dismissed, during the relevant time period he was required to prepare and file the action."

Discussion

As an inmate, appellant's suit is governed by Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-014 (Vernon 2002); *Thompson v. Henderson*, 927 S.W.2d 323, 324 n.1 (Tex. App.–Houston [1st Dist.] 1996, no writ). Chapter 14 was designed to control the flood of frivolous lawsuits being filed in the courts of this state by prison inmates that consume valuable judicial resources with little offsetting benefits. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ). Under this chapter, a trial court has broad discretion to dismiss an inmate's suit if it finds that the claim is frivolous or malicious. *Hickman v. Adams,* 35 S.W.3d 120, 123 (Tex. App.–Houston [14th Dist.] 2000, no pet.).

3

A trial court's dismissal of a suit such as this one in which the inmate has filed an affidavit or declaration of inability to pay costs is reviewed under an abuse of discretion test. *Barnum v. Munson*, 998 S.W.2d 284, 286 (Tex. App.–Dallas 1999, pet. denied); *McCollum v. Mt. Ararat Baptist Church, Inc.*, 980 S.W.2d 535, 536 (Tex. App.–Houston [14th Dist.] 1998, no pet.); *Hickson v. Moya*, 926 S.W.2d at 398-99. A court abuses its discretion if it acts without reference to guiding rules or principles. *Clark v. J. W. Estelle Unit*, 23 S.W.3d 420, 421 (Tex. App.–Houston [1st Dist.] 2000, pet. denied). It is discretionary with the court to conduct a hearing to determine whether an inmate's suit should be dismissed. *Thomas v. Wichita General Hosp.*, 952 S.W.2d 936, 938 (Tex. App.– Fort Worth 1997, pet. denied).

Section 14.003 of the Code provides that a trial court may dismiss a claim if the court finds the claim to be frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.03(a)(2) (Vernon 2002). In determining whether a suit is frivolous or malicious, the court may consider, *inter alia*, whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b)(4).

In this case, even though he was given a specific opportunity to do so, other than additional general allegations, appellant failed to amend his affidavit to allege the specific operative facts of his prior suits. Under this record, we cannot say that the trial court erred in its dismissal of this inmate suit.

Accordingly, all of appellant's points are overruled, and the judgment of the trial court is affirmed.


John T. Boyd
Senior Justice