NO. 07-03-0465-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 31, 2004

______________________________

PERRY L. HAMMONDS, APPELLANT

V.

JIMMY D. BAGBY, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 91053-1; HONORABLE W. F. ROBERTS, JUDGE

_______________________________

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Perry L. Hammonds, an indigent inmate
, challenges the trial court’s order dismissing his claim as frivolous against appellee Jimmy D. Bagby, an employee of the Texas Department of Criminal Justice.  Presenting a sole issue on appeal, he contends his Fourteenth Amendment rights were violated by Bagby when he confiscated certain commissary items.  We affirm.

By his original petition filed on June 6, 2003, Hammonds alleged Bagby deprived him of property in violation of his due process rights and other rules and policies of the Texas Department of Criminal Justice.  Specifically, he claims that certain commissary items such as sodas, chips, hot sauce, and chocolate peanuts were taken and never returned.  As required by section 14.005(a)(1) of the Texas Civil and Practice Remedies Code,
(footnote: 1) Hammonds filed his unsworn declaration describing two grievances he filed; however, copies of the written decisions from the grievance system are not included in the record as required by section 14.005(a)(2).  On October 13, 2003, the trial court signed an order dismissing the case as frivolous.

Hammonds’s suit is governed by the rules set forth in chapter 14 of the Code.  Thompson v. Henderson, 927 S.W.2d 323, 324 (Tex.App.–Houston [1st Dist.] 1996, no writ).  The purpose of chapter 14 is to assist the trial court in determining whether a suit is malicious or frivolous under section 14.003(a).  Hickson v. Moya, 926 S.W.2d 397, 399 (Tex.App.–Waco 1996, no writ).  
In determining whether a claim is frivolous, the trial court may consider whether: (1) the claim’s realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; and (4) the claim is substantially similar to a previous claim filed by the inmate because it arises from the same operative facts.  Spurlock v. Johnson, 94 S.W.3d 655, 657 (Tex.App.–San Antonio 2002, no pet.).
  
Where, as here, the trial court dismissed the suit without conducting a fact hearing, we are limited to reviewing only whether the claim had an arguable basis in law.  Bohannan v.Texas Bd. of Criminal Justice, 942 S.W.2d 113, 115 (Tex.App.–Austin 1997, writ denied);
 see also
 Sawyer v. Texas Dep’t of Criminal Justice, 983 S.W.2d 310, 311 (Tex.App.–Houston [1st Dist.] 1998, pet. denied).  A claim has no arguable basis in law if an inmate has not exhausted his administrative remedies.  Retzlaff v. Texas Dept of Criminal Justice, 94 S.W.3d 650, 653 (Tex.App.–Houston [14th Dist.] 2002, pet. denied).

The trial court has broad discretion to dismiss as frivolous a suit that is subject to chapter 14 of the Code, and the court’s action is reviewed for abuse of discretion.  
Spurlock
, 94 S.W.3d at 657; 
see also
 
Hickson
, 926 S.W.2d at 398.  Abuse of discretion is determined by whether the court acted without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985).  The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge does not demonstrate that an abuse of discretion has occurred.  
Id
.  

Hammonds couches his appellate argument in terms of deprivation of property and due process violations.   He also asserts, however, that his suit was for property damages.  Assuming, 
arguendo
, that Bagby intentionally deprived Hammonds of his property, it does not constitute deprivation of a right of constitutional significance where an adequate post-deprivation remedy exists.  
See
 Aguilar v. Chastain, 923 S.W.2d 740, 743-44 (Tex.App.–Tyler 1996, writ denied), citing Hudson v. Palmer, 468 U.S. 517, 535, 104 S.Ct. 3194, 3204-05, 82 L.Ed.2d 393 (1984).  The Legislature has provided an administrative remedy to pay claims by inmates for property lost or damaged by the Department.  
See
 Tex. Gov’t Code Ann. §§ 501.007 & 501.008 (Vernon 1998).  

Appellant alleges in his unsworn declaration, as well as in his brief, that he exhausted his administrative remedies by filing grievances that were resolved against him.  The clerk’s record, however, does not contain any copies of his grievances nor the written decisions from the grievance system.  We cannot conclude that he exhausted his administrative remedies and thus, his complaints of deprivation of property and denial of due process do not have an arguable basis in law.  The trial court did not abuse its discretion in dismissing the suit as frivolous.  Hammonds’s sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

FOOTNOTES
1:
All references to the Code are to the Texas Civil Practice and Remedies Code Annotated (Vernon 2002).