NO. 07-04-0011-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 24, 2004



______________________________




RICKY D. STARKS, APPELLANT



V.



THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 91,655-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Presenting two points of error, appellant Ricky D. Starks challenges the trial court's
order dismissing his tort claim against the Texas Department of Criminal Justice for failure
to comply with chapter 14 of the Texas Civil Practice and Remedies Code Annotated
(Vernon 2002). We reverse and remand.


 Pursuant to the Texas Tort Claims Act, Starks filed his original complaint and other
necessary documents on November 20, 2003, alleging he sustained personal injuries
caused by operation of motor vehicles or motor driven equipment, premises defects, or
use, misuse, or condition of tangible personal or real property. Specifically, Starks claimed
he sprained his left wrist, bruised an elbow, and fractured his fingers after slipping and
falling while showering in a deficient stall known by employees of the Department to be
hazardous.

 By two points of error, Starks (1) challenges the trial court's exercise of discretion
in dismissing his claim without specifying how he failed to comply with chapter 14 of the
Code, and (2) claims he has immunity from the application of chapter 14 on the ground that
it has been used to deny or abridge a vested due course of law based on "race." (1) Given
the record before us, we agree the trial court abused its discretion in dismissing his claim.

 In reviewing the dismissal of a claim under chapter 14 of the Code, we apply the
abuse of discretion standard. McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535,
536 (Tex.App.-Houston [14th Dist.] 1998, no pet.); see also Hickson v. Moya, 926 S.W.2d
397, 398 (Tex.App.-Waco 1996, no writ). Abuse of discretion is determined by whether
the court acted without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may
decide a matter within his discretionary authority in a different manner than an appellate
judge does not demonstrate that an abuse of discretion has occurred. Id. 

 Starks's suit is governed by the rules set forth in chapter 14 of the Code. Thompson
v. Henderson, 927 S.W.2d 323, 324 (Tex.App.-Houston [1st Dist.] 1996, no writ). The
purpose of chapter 14 is to assist the trial court in determining whether a suit is malicious
or frivolous under section 14.003(a). Hickson, 926 S.W.2d at 399. Thus, an inmate's suit
may be dismissed without a hearing when he fails to comply with the requirements of
section 14.004. See Williams v. Brown, 33 S.W.3d 410, 412 (Tex.App.-Houston [1st Dist.]
2000, no pet.). 

 By its dismissal order, the trial court did not specify what requirements of chapter
14 Starks failed to satisfy. Thus, we will review all requirements of chapter 14 and the
documents filed by Stark in pursuit of his claim mindful that pro se pleadings are evaluated
by less stringent standards than those applied to formal pleadings filed by attorneys. 
Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); see also
Giddens v. Brooks, 92 S.W.3d 878, 880 (Tex.App.-Beaumont 2002, pet. denied). 

 Section 14.004(a)(1) requires an inmate who files an affidavit of inability to pay costs
to file a separate affidavit of every suit filed pro se without regard to whether he was an
inmate at the time other than suits filed under the Texas Family Code. Pursuant to
subsection (a)(2) the affidavit shall describe each suit and (A) state the operative facts, (B)
list the case name, cause number, and court in which suit was filed, (C) identify each party,
and (D) state the result of the suit, including whether it was dismissed as frivolous or
malicious. Under subsection (b), an inmate must declare the date of the final order
affirming the dismissal of a previous suit if it was dismissed as frivolous or malicious.
Finally, subsection (c) requires that the affidavit be accompanied by a certified copy of the
inmate's trust account statement. See also § 14.006(f). 

 An inmate is also required to exhaust his administrative remedies as provided by
section 14.005(a) of the Code. See also Tex. Gov't Code Ann. § 501.008 (Vernon 1998). 
He must also provide an affidavit or unsworn declaration providing the date he filed a
grievance as well as the date he received the written decision from the grievance system. 
The record must include a copy of the written decision. Once an inmate receives the
grievance system's decision, suit must be filed within 31 days or the trial court is authorized
to dismiss the action. § 14.005(b).

 By his affidavit of previous filings, Starks detailed eight previous suits providing all
the information required by section 14.004(a)(2) except the case names. However,
because Starks was the plaintiff in all suits and he provided the names of all defendants
in each suit, we conclude he substantially complied with section 14.004(a)(2)(B). See 
Gowan v. Texas Department of Criminal Justice, et al., 99 S.W.3d 319, 322
(Tex.App.-Texarkana 2003, no pet.); see also Jackson v. Texas Dept. of Criminal Justice,
No. 07-03-0409-CV, 2004 WL 1933532, at *3, (Tex.App.-Amarillo, Aug. 31, 2004, no pet.
h.). The operative facts in Starks's affidavit were brief; (2) however, they were nevertheless
sufficient to apprise the trial court that the present suit alleging damages for injuries
sustained from a fall in a shower stall was not similar to the suits previously filed. Thus,
he also complied with section 14.004(a)(2)(A). 

 As required by sections 14.004(c) and 14.006(f), the clerk's record contains a
certified copy of Starks's trust account statement reflecting the six month period preceding
the date the claim was filed. The clerk's record also contains Starks's Step 1 and Step 2
grievance offender forms in which he details his complaints regarding his current suit, as
well as copies of the written responses from the grievance system. By his unsworn
declaration he recites that the final decision of the grievance system was received on
September 4, 2003, and his lawsuit was filed with the proper person in the Department on
October 2, 2003, within the 31-day limitations period. See § 14.005(a) & (b).

 Having reviewed the mandatory requirements of chapter 14 and the documents filed
by Starks, we conclude he complied with the statutory requirements, and the trial court
abused its discretion in dismissing his suit for failure to comply. (3) We sustain point of error
one which pretermits consideration of his complaint that chapter 14 has been used to deny
him due course of law because of "race."

 Accordingly the judgment is reversed and the cause is remanded to the trial court
for further proceedings.

 Don H. Reavis

 Justice

 
1. Starks suggests that the trial court has a prejudicial propensity toward inmate
litigation and uses the term "race" to refer to all indigent inmates.
2. Previous claims included head injuries from a premises defect, food poisoning,
back and leg injuries from sitting on concrete floor for extended time periods; skin condition
resulting from prolonged use of dirty sheets; and infections to his skin and face due to the
condition of clipper blades.
3. As noted above, the dismissal order does not designate the particulars of chapter
14 which Starks failed to satisfy.