NO. 07-04-0011-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 24, 2004

_____

RICKY D. STARKS, APPELLANT

V.

THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 91,655-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Presenting two points of error, appellant Ricky D. Starks challenges the trial court's order dismissing his tort claim against the Texas Department of Criminal Justice for failure to comply with chapter 14 of the Texas Civil Practice and Remedies Code Annotated (Vernon 2002). We reverse and remand.

Pursuant to the Texas Tort Claims Act, Starks filed his original complaint and other necessary documents on November 20, 2003, alleging he sustained personal injuries caused by operation of motor vehicles or motor driven equipment, premises defects, or use, misuse, or condition of tangible personal or real property. Specifically, Starks claimed he sprained his left wrist, bruised an elbow, and fractured his fingers after slipping and falling while showering in a deficient stall known by employees of the Department to be hazardous.

By two points of error, Starks (1) challenges the trial court's exercise of discretion in dismissing his claim without specifying how he failed to comply with chapter 14 of the Code, and (2) claims he has immunity from the application of chapter 14 on the ground that it has been used to deny or abridge a vested due course of law based on "race."[1]  Given the record before us, we agree the trial court abused its discretion in dismissing his claim.

In reviewing the dismissal of a claim under chapter 14 of the Code, we apply the abuse of discretion standard.  McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535, 536 (Tex.App.–Houston [14th Dist.] 1998, no pet.); *see also* Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ).  Abuse of discretion is determined by whether the court acted without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985).  The mere fact that a trial judge may

---

[1]Starks suggests that the trial court has a prejudicial propensity toward inmate litigation and uses the term "race" to refer to all indigent inmates.

2

decide a matter within his discretionary authority in a different manner than an appellate judge does not demonstrate that an abuse of discretion has occurred. *Id*.

Starks's suit is governed by the rules set forth in chapter 14 of the Code. Thompson v. Henderson, 927 S.W.2d 323, 324 (Tex.App.–Houston [1st Dist.] 1996, no writ). The purpose of chapter 14 is to assist the trial court in determining whether a suit is malicious or frivolous under section 14.003(a). *Hickson*, 926 S.W.2d at 399. Thus, an inmate's suit may be dismissed without a hearing when he fails to comply with the requirements of section 14.004. *See* Williams v. Brown, 33 S.W.3d 410, 412 (Tex.App.–Houston [1st Dist.] 2000, no pet.).

By its dismissal order, the trial court did not specify what requirements of chapter 14 Starks failed to satisfy. Thus, we will review all requirements of chapter 14 and the documents filed by Stark in pursuit of his claim mindful that *pro se* pleadings are evaluated by less stringent standards than those applied to formal pleadings filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also* Giddens v. Brooks, 92 S.W.3d 878, 880 (Tex.App.–Beaumont 2002, pet. denied).

Section 14.004(a)(1) requires an inmate who files an affidavit of inability to pay costs to file a separate affidavit of every suit filed *pro se* without regard to whether he was an inmate at the time other than suits filed under the Texas Family Code. Pursuant to subsection (a)(2) the affidavit shall describe each suit and (A) state the operative facts, (B) list the case name, cause number, and court in which suit was filed, (C) identify each party,

3

and (D) state the result of the suit, including whether it was dismissed as frivolous or malicious. Under subsection (b), an inmate must declare the date of the final order affirming the dismissal of a previous suit if it was dismissed as frivolous or malicious. Finally, subsection (c) requires that the affidavit be accompanied by a certified copy of the inmate's trust account statement. *See also* § 14.006(f).

An inmate is also required to exhaust his administrative remedies as provided by section 14.005(a) of the Code. *See also* Tex. Gov't Code Ann. § 501.008 (Vernon 1998). He must also provide an affidavit or unsworn declaration providing the date he filed a grievance as well as the date he received the written decision from the grievance system. The record must include a copy of the written decision. Once an inmate receives the grievance system's decision, suit must be filed within 31 days or the trial court is authorized to dismiss the action. § 14.005(b).

By his affidavit of previous filings, Starks detailed eight previous suits providing all the information required by section 14.004(a)(2) except the case names. However, because Starks was the plaintiff in all suits and he provided the names of all defendants in each suit, we conclude he substantially complied with section 14.004(a)(2)(B). *See* Gowan v. Texas Department of Criminal Justice, *et al.*, 99 S.W.3d 319, 322 (Tex.App.–Texarkana 2003, no pet.); *see also* Jackson v. Texas Dept. of Criminal Justice, No. 07-03-0409-CV, 2004 WL 1933532, at *3, (Tex.App.–Amarillo, Aug. 31, 2004, no pet.

4

h.). The operative facts in Starks's affidavit were brief;[2] however, they were nevertheless sufficient to apprise the trial court that the present suit alleging damages for injuries sustained from a fall in a shower stall was not similar to the suits previously filed. Thus, he also complied with section 14.004(a)(2)(A).

As required by sections 14.004(c) and 14.006(f), the clerk's record contains a certified copy of Starks's trust account statement reflecting the six month period preceding the date the claim was filed. The clerk's record also contains Starks's Step 1 and Step 2 grievance offender forms in which he details his complaints regarding his current suit, as well as copies of the written responses from the grievance system. By his unsworn declaration he recites that the final decision of the grievance system was received on September 4, 2003, and his lawsuit was filed with the proper person in the Department on October 2, 2003, within the 31-day limitations period. *See* § 14.005(a) & (b).

Having reviewed the mandatory requirements of chapter 14 and the documents filed by Starks, we conclude he complied with the statutory requirements, and the trial court abused its discretion in dismissing his suit for failure to comply.[3] We sustain point of error

---

[2]Previous claims included head injuries from a premises defect, food poisoning, back and leg injuries from sitting on concrete floor for extended time periods; skin condition resulting from prolonged use of dirty sheets; and infections to his skin and face due to the condition of clipper blades.

[3]As noted above, the dismissal order does not designate the particulars of chapter 14 which Starks failed to satisfy.

one which pretermits consideration of his complaint that chapter 14 has been used to deny him due course of law because of "race."

Accordingly the judgment is reversed and the cause is remanded to the trial court for further proceedings.

Don H. Reavis
Justice