NO. 12-03-00372-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

JOHN W. WILSON,                                           §     APPEAL FROM THE 87TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

R.E. THOMPSON, ROBERT HERRERA, 
WARDEN WEBB, MARY BILLUPS, 
OFFICER LIGHTFOOT, OFFICER ADAMS, 
OFFICER DANIELS, OFFICER MCDANIELS,
OFFICER DAVIS, OFFICER KLEYPAS,       §     ANDERSON COUNTY, TEXAS
OFFICER MCBRIDE, OFFICER ASHTON, 
SERGEANT LUNA, SERGEANT WILLIAMS, 
SERGEANT MILTON, LIEUTENANT NORMAN, 
LIEUTENANT FORMAN, LIEUTENANT CLARK, 
CAPTAIN SMITH AND CAPTAIN WATSON, 
APPELLEES 




MEMORANDUM OPINION
            John W. Wilson appeals from the dismissal of his in forma pauperis, pro se inmate suit
against R.E. Thompson, Robert Herrera, Warden Webb, Mary Billups, Officer Lightfoot, Officer
Adams, Officer Daniels, Officer McDaniels, Officer Davis, Officer Kleypas, Officer McBride,
Officer Ashton, Sergeant Luna, Sergeant Williams, Sergeant Milton, Lieutenant Norman,
Lieutenant Forman, Lieutenant Clark, Captain Smith, and Captain Watson, all employees of the
Texas Department of Criminal Justice, Institutional Division (TDCJ-ID). In thirteen issues,
Wilson contends the trial court erred in dismissing his suit. We affirm the trial court’s order of
dismissal.
 
Background
            Wilson is an inmate at the George Beto Unit in Tennessee Colony, Texas. On or about
April 15, 2003, Wilson was bitten by a brown recluse spider, although he was originally told the
sore was nothing more than a blister. Two weeks later the correct diagnosis was made. He was
provided with antibiotics, but the infection worsened. In addition, Wilson suffers other medical
conditions and disabilities. Beginning on April 29, 2003, Wilson filed many grievances
concerning the medical care he received and alleged violations of the Americans with
Disabilities Act. Not having received the help he sought, Wilson filed his original petition in the
district court on October 21, 2003. He complained that each of the defendants, in both their
official and individual capacities, denied his right to adequate medical care and his rights to be
free from cruel and unusual punishment; physical, mental, and verbal abuse; and harassment. 
Wilson alleged that the defendants caused him harm, injury, and the risk of permanent damage
by their actions, omissions, deliberate indifference, and reckless disregard for his safety and
health. He requested an injunction ordering the defendants to, among other things, cease
harassment, abuse, and retaliation against him; retain his medical restrictions; provide adequate
pain medication; and comply with the doctors’ written orders. On October 24, 2003, the trial
court dismissed the suit with prejudice. The court specifically found that Wilson failed to file
his claim before the thirty-first day after receiving a written decision from the grievance system
as required by Section 14.005 of the Texas Civil Practice and Remedies Code. 
 
Issues
            Wilson specifies thirteen questions for our review. He contends that application of
Chapter Fourteen of the Texas Civil Practice and Remedies Code discriminates against indigents
and application of Texas Government Code Section 501.008 discriminates against inmates. He
asserts that TDCJ-ID and the court system are, through their application of these statutes,
denying him his right to be free from cruel and unusual punishment and his right to petition the
government to redress his grievances. Further, he argues, while Chapter Fourteen is meant to
ease the burden of frivolous inmate lawsuits, the courts should protect inmates’ rights and refrain
from hiding behind the statute. He asserts the courts should not use Chapter Fourteen to dismiss
cases on technicalities, especially when doing so means more pain and suffering and irreparable
damage to plaintiffs. Finally, he argues, the district court should have ordered TDCJ-ID to
provide medical care for him or take steps to prevent further harm to him.
 
 
Applicable Law
Access to Courts
            Inmates have a constitutional right to access to courts in this state. Thomas v. Brown,
927 S.W.2d 122, 125 (Tex. App.-Houston [14th Dist.] 1996, writ denied). But the right of
access to the courts does not guarantee the prosecution of claims which have no basis in law or
fact. See Timmons v. Luce, 840 S.W.2d 582, 585 (Tex. App.-Tyler 1992, no writ). Chapter
Fourteen of the Civil Practice and Remedies Code was designed to “control the flood of frivolous
lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial
resources.” Hickson v. Moya, 926 S.W.2d 397, 399 (Tex. App.-Waco 1996, no writ). The
statute is a procedural requirement that does not actually restrict an inmate’s right to file a bona
fide suit. The affidavits required by Chapter Fourteen assist the court in determining whether
the lawsuit should be allowed to proceed. Id. A state may require inmates to comply with rules
that make the trial process possible or that facilitate the functioning of our system of justice. 
Sanders v. Palunsky, 36 S.W.3d 222, 227 (Tex. App.-Houston [14th Dist.] 2001, no pet.). 
Reasonable restrictions on the ability of pro se inmate litigants to proceed in forma pauperis do
not constitute a denial of the constitutional right of access to the courts. Id. 
Discrimination
            The provisions of Chapter Fourteen apply to all inmate suits in which an affidavit or
unsworn declaration of inability to pay costs is filed, and all indigent inmates are treated equally. 
Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Sanders, 36 S.W.3d at 225. 
Neither prisoners nor indigents constitute a suspect class, and restrictions on the ability of
indigent prisoners to proceed in forma pauperis do not implicate any constitutionally protected
right per se. See Hicks v. Brysch, 989 F. Supp. 797, 822-23 (W.D. Tex. 1997). If a statute
neither singles out members of a suspect class nor implicates a fundamental right, then it need
only be rationally related to a legitimate state interest to survive an equal protection challenge. 
City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440, 105 S. Ct. 3249, 3254, 87
L. Ed. 2d 313 (1985). The procedural requirements of Chapter Fourteen further the legitimate
state interest in protecting scarce judicial resources from prisoners who abuse the judicial system
by filing frivolous civil lawsuits. Sanders, 36 S.W.3d at 226.
Cruel and Unusual Punishment
            The government is constitutionally obligated to provide medical care for those whom
it is punishing by incarceration, and deliberate indifference to a prisoner’s serious medical
needs is prohibited by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 103-04, 97
S. Ct. 285, 290-91, 50 L. Ed. 2d 251 (1976). This requires more than ordinary lack of due
care for the prisoner’s interests or safety. Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct.
1078, 1084, 89 L. Ed. 2d 251 (1986). A prison official cannot be found liable under the
Eighth Amendment unless he knows of and disregards an excessive risk to inmate health or
safety. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811
(1994). This means the official must be aware of facts from which it could be inferred that
a substantial risk of serious harm exists and must draw that inference. Id. Thus, proof of
deliberate indifference requires a showing of subjective recklessness. Id. 511 U.S. at 839-40,
114 S. Ct. at 1980.
Role of the Courts
            When reviewing policies designed to preserve internal order, discipline, and security,
a court should accord broad deference to prison administrators regarding the reasonableness
of the scope, the manner, the place, and the justification of a particular policy. Block v.
Rutherford, 468 U.S. 576, 585, 104 S. Ct. 3227, 3232, 82 L. Ed. 2d 438 (1984); Hay v.
Waldron, 834 F.2d 481, 486 (5th Cir. 1987). In other words, courts should play a very
limited role in the administration of detention facilities. Block, 468 U.S. at 584, 104 S. Ct.
at 3231-32.
Review of Chapter Fourteen Dismissals
            Chapter Fourteen of the Civil Practice and Remedies Code applies to inmate
litigation, whether the relief sought is monetary or injunctive. See Tex. Civ. Prac. & Rem.
Code Ann. §§ 14.001-14.014 (Vernon 2002); Thompson v. Henderson, 927 S.W.2d 323,
324 & n.1 (Tex. App.-Houston [1st Dist.] 1996, no writ). Review of a dismissal under
Chapter Fourteen is generally controlled by the abuse of discretion standard. Hickson, 926
S.W.2d at 398. A court abuses its discretion if it acts without any reference to guiding rules
or principles. Samuels v. Strain, 11 S.W.3d 404, 406 (Tex. App.-Houston [1st Dist.] 2000,
no pet.). 
TDCJ-ID Grievance System
            The legislature has provided that an inmate may not file a claim in state court,
regarding operative facts for which the Texas Department of Criminal Justice grievance
system provides the exclusive administrative remedy, until the inmate receives a written
decision issued by the highest authority provided for in the grievance system, or the 180th
day after the date the grievance is filed if the inmate has not received a written decision by
that time. Tex. Gov’t Code Ann. § 501.008(d) (Vernon 2004). In other words, Section
501.008 precludes an inmate from filing a claim in state court until he has exhausted his
remedies through the grievance system. Wallace v. Texas Dep’t of Criminal Justice-Inst’l
Div., 36 S.W.3d 607, 611 (Tex. App.-Houston [1st Dist.] 2000, pet. denied). 
            An inmate who files a claim that is also subject to the grievance system must file an
affidavit which states the date a grievance was filed and the date a written decision was
received, together with a copy of the written decision. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.005(a) (Vernon 2002); Wallace, 36 S.W.3d at 610. The purpose of Section 14.005 is
to allow the trial court to ensure an inmate proceeding in forma pauperis has first used the
grievance procedure if it is applicable to his claim. Smith v. Texas Dep’t of Criminal
Justice-Inst’l Div., 33 S.W.3d 338, 341 (Tex. App.- Texarkana 2000, pet. denied). The
statute specifically states that the court shall dismiss a claim if the inmate did not file suit
before the thirty-first day after the date the inmate received a written decision from the
grievance system. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b). Courts generally
construe the word “shall” as mandatory unless legislative intent suggests otherwise. See
Continental Cas. Co. v. Downs, 81 S.W.3d 803, 805 (Tex. 2002). Accordingly, when an
inmate’s suit is not timely filed, the trial court is required to dismiss it. See Moreland v.
Johnson, 95 S.W.3d 392, 395 (Tex. App.-Houston [1st Dist.] 2002, no pet.). If a claim is
filed before the grievance proceeding has run its course, the trial court must stay the suit for
at least 180 days to permit completion of the proceeding. Tex. Civ. Prac. & Rem. Code
Ann. § 14.005(c). Furthermore, Government Code Section 501.008(d) provides that inmates
can proceed with state-court claims despite failure to complete the grievance process if the
inmate has not received a final written decision within 180 days after filing the grievance. 
Tex. Gov’t Code Ann. § 501.008(d).
 
Discussion
            The record contains a Step 2 grievance signed by Wilson on April 18, 2003. The
response to that grievance is dated May 20, 2003. There is no indication of the date Wilson
received the response. The subject matter of this grievance was Wilson’s job assignment. 
Wilson filed his petition on October 21, 2003. The record does not contain an affidavit by
Wilson, as required by Section 14.005(a), stating the dates he filed his grievance and
received a written decision. In his brief, Wilson “admits that more than thirty days had
expired between filing the original grievance and the date of filing the original petition,
however, as [he] told the court that he still had grievances pending, there was no violation
of rules!” He also claims in his brief that he told the lower court that he would
“‘IMMEDIATELY FILE/NOTIFY THE COURT and file an amended complaint once all
available remedies have been exhausted.’ (See CLERKS RECORD, page 000005, ‘Request
for leave to amend complaint’).” However, the petition includes a request to amend upon
receipt of discovery documents and responses to his interrogatories, but does not include a
request to amend to show that his administrative remedies have been exhausted. The
explanation that a grievance was pending and that a Section 14.005(c) stay is in order should
have been included in Wilson’s Section 14.005(a) affidavit. 
            Because Wilson did not comply with Chapter Fourteen’s timetable for filing, or show
that he had been waiting for more than 180 days for a response to a grievance, the trial court
properly dismissed his claim. See Tex. Civ. Prac. & Rem. Code § 14.005(b). Wilson
further argues that, even though he had grievances pending, his claim was an emergency that
required an immediate injunction. Even if Wilson had a valid claim for emergency relief,
this does not help his case. An inmate might properly seek an injunction to end certain acts
or omissions by prison officials, but this does not mean that inmates are free to bypass
adequate internal prison procedures and bring their health and safety concerns directly to
court. Farmer, 511 U.S. at 847, 114 S. Ct. at 1984. Any litigant must show that the
intervention of equity is required, and any inmate who needlessly bypasses prison procedures
may be compelled to pursue them. Id. We overrule all of Wilson’s issues.
Disposition
            We affirm the trial court’s order of dismissal.
                                                                                                     JAMES T. WORTHEN 
                                                                                                             Chief Justice
 
 
 
Opinion delivered May 18, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
 
 
 
 
 
 
(PUBLISH)