NO. 07-06-0149-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 11, 2006


______________________________



DAVID MERIWEATHER ANDERSON, APPELLANT



V.



JACK A. SUNSERI AND CONSOLIDATED PARTNERS, LTD., APPELLEES


_________________________________



FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY;



NO. GN 503,111; HONORABLE MARGARET A. COOPER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, David Meriweather Anderson, filed a notice of appeal from a Judgment
entered February 15, 2006. The clerk's record was filed on May 30, 2006 and there is not
a reporter's record per the docketing statement filed by appellant. By letter dated
September 11, 2006, the clerk of this court notified appellant that his brief was due
September 1, 2006, but had yet to be filed. See Tex. R. App. P. 38.6(a). The letter further
advised appellant that the appeal would be subject to dismissal for want of prosecution if
the brief, or a response reasonably explaining the failure to file a brief with a showing that
appellee had not been injured by the delay, was not filed by September 21, 2006. No brief,
motion for extension or other response has been received.

 Accordingly, we now dismiss the appeal for want of prosecution and failure to
comply with a directive of the court. See Tex. R. App. P. 38.8(a)(1) and 42.3(b), (c). 


 Mackey K. Hancock

 Justice



ondence containing a letter, a pauper's affidavit, and an uncertified
copy of his trust account statement. However, he did not include a separate affidavit
identifying other suits in which he had been involved as required by section 14.004(a)(1)
of the Code. Following a general denial, Gutierrez and Anthony filed a motion to dismiss
pursuant to the Texas Civil Practice and Remedies Code and the Texas Rules of Civil
Procedure, which was subsequently granted.

 We first address Young's contention that he should not be held to the stringent
standards of a licensed attorney. This Court recognizes that an inmate has a
constitutional right to access the courts for the purpose of presenting their complaints. 
Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). However, pro se
litigants are held to the same standards as licensed attorneys and must comply with
applicable laws and rules of procedure. Greenstreet v. Heiskell, 940 S.W.2d 831, 834
(Tex.App.-Amarillo 1997), reh'g denied, 960 S.W.2d 713 (1997). Young's contention is
therefore overruled.

 By his remaining contentions, appellant contends the trial court abused its
discretion by dismissing his claim prematurely because he rendered an adequate pauper's
affidavit and his complaint was factually supported. We disagree. We note that Young
does not reference the record in support of his claim as required by Rule 38.1(f) of the
Texas Rules of Appellate Procedure. However, in the interest of justice, we will consider
his complaint. See Tex. R. App. P. 38.9; see also Motor Vehicle Bd. of Tex. v. Epiada, 1
S.W.3d 108, 111 (Tex. 1999).

 In reviewing the dismissal of a claim under chapter 14 of the Code, we apply the
abuse of discretion standard. McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535,
536 (Tex.App.-Houston [14th Dist.] 1998, no pet.); see also Hick v. Moya, 926 S.W.2d
397, 398 (Tex.App.-Waco 1996, no writ). Abuse of discretion is determined by whether
the court acted without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may
decide a matter within his discretionary authority in a different manner than an appellate
judge does not demonstrate that an abuse of discretion has occurred. Id. Because the
order dismissing Young's complaint did not specify a reason for the dismissal, we may
affirm the order if any proper ground supports it. Shook v. Gilmore & Tatge Mfg. Co., Inc.
951 S.W.2d 294, 296 (Tex.App.-Waco 1997, writ denied). 

 Young's lawsuit is governed by the rules set out in chapter 14 of the Code. 
Thompson v. Henderson, 927 S.W.2d 323, 324 (Tex.App.-Houston [1st Dist.] 1996, no
writ). In order for an inmate to file a complaint he must comply with all the requirements
set out in chapter 14 or his suit is subject to dismissal. See Williams v. Brown, 33 S.W.3d
410, 412 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Young failed to file a certified copy
of his trust account statement as required by section 14.006(f) and also failed to file an
affidavit relating to previous filings under section 14.004 of the Code. Thus, we find that
the trial court did not abuse its discretion in dismissing Young's lawsuit. Appellant's
contentions are overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.

1. All references herein are to the Texas Civil Practice and Remedies Code
Annotated (Vernon Supp. 2001).