**Howard Vanzandt WILLIAMS, Appellant,**

**v.**

**Dana BROWN and James Gonzales, Appellees.**

**No. 01–98–01105–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 16, 2000.

Rehearing Overruled Dec. 14, 2000.

Howard VanZandt Williams, Rosharon, pro se.

Dana Brown, Darrington Unit Officer, Rosharon, pro se.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE*.

## OPINION

FRANK C. PRICE, Justice (Assigned).

In five points of error, Howard Van-Zandt Williams, the appellant, challenges the dismissal of this inmate case. We reform the judgment and affirm.

## PROCEDURAL BACKGROUND

The appellant, an inmate in the Darrington Unit of the Texas Department of Criminal Justice (TDCJ), filed a petition in district court naming Darrington correctional officers Dana Brown and James Gonzalez as respondents. The appellant alleged Brown and Gonzalez did not want the appellant working in the laundry area, had excluded him from working in that area, and had filed false disciplinary charges against him in retaliation for his filing grievances and reporting misconduct. The appellant also alleged, in so doing, Brown and Gonzalez conspired to inflict cruel and unusual punishment on him.

With the petition, the appellant filed an unsworn declaration of previously filed suits indicating he had at least five previous or pending suits, two of which alleged retaliatory disciplinary charges. The appellant filed an affidavit of inability to pay costs. Although the appellant stated he was filing a copy of his inmate trust fund account receipt, it is not part of the record on appeal.

The trial court rendered an order of dismissal. The trial court stated it appeared

that the cause [was] frivolous or malicious because Petitioner has failed to state a claim that has an arguable basis in law or in fact as required by Section 13.001(b)(2) Civ. Prac. Rem.Code and/or Section 14.003, Civ. Prac. Rem.Code and/or the Petitioner failed to follow the

provisions of Section 14.004, Civ. Prac. Rem [sic] Code.

The order of dismissal stated the "cause is dismissed with/without prejudice to the refiling of the same." Neither "with" nor "without" was indicated.

## DISCUSSION

■ The appellant's lawsuit is subject to the requirements of chapter 14 of the Civil Practice and Remedies Code. *Thompson v. Henderson,* 927 S.W.2d 323, 324 n. 1 (Tex.App.—Houston [1st Dist.] 1996, no writ). In reviewing the trial court's decision to dismiss a case subject to chapter 14, an appellate court applies an abuse-of-discretion standard of review. *Hickson v. Moya,* 926 S.W.2d 397, 398 (Tex.App.—Waco 1996, no writ); *see Clark v. J.W. Estelle Unit,* 23 S.W.3d 420, 421 (Tex. App.—Houston [1st Dist.] 2000, pet. filed) (applying abuse-of-discretion standard to dismissal under Civil Practice and Remedies Code section 14.004); *Samuels v. Strain,* 11 S.W.3d 404, 406 (Tex.App.—Houston [1st Dist.] 2000, no pet.) (applying abuse-of-discretion standard to dismissal on grounds of frivolousness under section 14.003(a)). Similarly, a trial court's decision on whether to hold a hearing is discretionary. *Thomas v. Wichita Gen. Hosp.,* 952 S.W.2d 936, 938 (Tex.App.—Fort Worth 1997, pet. denied). A trial court abuses its discretion if it acts without reference to guiding rules or principles. *Samuels,* 11 S.W.3d at 406.

■ In issue five, the appellant challenges the trial court's dismissal of his suit on the ground he had not followed the requirements of Civil Practice and Remedies Code section 14.004. That section provides:

(a) An inmate who files an affidavit or unsworn declaration of inability to pay

---

\* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

costs shall file a separate affidavit or declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

(b) If the affidavit or unsworn declaration filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit or unsworn declaration must state the date of the final order affirming the dismissal.

(c) The affidavit or unsworn declaration must be accompanied by the certified copy of the trust account statement required by Section 14.006(f).

TEX.CIV.PRAC. & REM.CODE ANN. § 14.004 (Vernon Supp.2000).

The appellant filed an affidavit of inability to pay costs. He did not, however, attach a certified copy of his trust account statement as required by section 14.004(c). In his unsworn declaration of previously filed suits, the appellant stated that "a copy of his inmate trust fund account receipt as required by the laws of the State of Texas, [is] attached and marked as exhibit C." Although exhibits A and B are included in the record, there is no exhibit C. The absence of the certified copy of the trust fund account takes on significance in light of the appellant's representations he was required to pay appellate court costs in a previous federal suit and is paying partial filing fees in a pending case in federal district court.

The trial court did not abuse its discretion in dismissing the appellant's claim on the ground he had not complied with section 14.004. We overrule the appellant's issue five.[1]

The dismissal order, however, does not state whether the dismissal is with or without prejudice. "Dismissal with prejudice constitutes adjudication on the merits and operates as if the case had been fully tried and decided." *Lentworth v. Trahan,* 981 S.W.2d 720, 722 (Tex.App.—Houston [1st Dist.] 1998, no pet.). The proper order in the present case is dismissal without prejudice.

We reform the judgment to reflect the cause is dismissed "without prejudice." As reformed, the judgment is affirmed.

---

1. Given our resolution of issue five, we need not address issues one through four, in which the appellant challenges the trial court's decision, without holding a hearing, to dismiss the lawsuit on the grounds of frivolousness.