NO. 07-02-0281-CR


NO. 07-02-0282-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 14, 2002



______________________________




ELREED WILSON, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NOS. 78432 & 82502; HONORABLE LEONARD J. GIBLIN, JR., JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

ABATEMENT AND REMAND


 Pursuant to a guilty plea for possession of a controlled substance in cause number
78432 and a guilty plea for possession of marihuana in cause number 82502, appellant
Elreed Wilson, Jr. was granted deferred adjudication and placed on community supervision
for five years. After hearing evidence in support of the State's motion to revoke for alleged
violations of the conditions of community supervision, the trial court adjudicated appellant
guilty in both cases and assessed punishment at four years confinement in cause number
78432 and two years confinement in cause number 82502. Appellant filed general notices
of appeal. Both the clerk's record and reporter's record have been filed. Appellant's brief
was due to be filed on September 16, 2002, but has yet to be filed. Also, no motion for
extension of time has been filed. By letters dated September 23, 2002, this Court notified
appellate counsel, Mr. Mike Laird, of the defect and also directed that he explain by
October 3, 2002, why the brief has not been filed. Mr. Laird did not respond and the brief
remains outstanding.

 Therefore, we now abate the appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent and entitled to appointed counsel;

 3. whether counsel for appellant has abandoned the appeal; and

 4. whether appellant has been denied effective assistance of counsel
given his attorney's failure to file a brief.

The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of new counsel. If new counsel is appointed, the name,
address, telephone number, and state bar number of said counsel shall be included in the
order appointing new counsel. Finally, the trial court shall execute findings of fact,
conclusions of law, and such orders as the court may enter regarding the aforementioned
issues, and cause its findings and conclusions to be included in a supplemental clerk's
record. A supplemental record of the hearing shall also be included in the appellate
record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court by Monday, December 2, 2002.

 It is so ordered.


 Per Curiam



Do not publish. 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.




malicious or frivolous under section 14.003(a). Hickson, 926 S.W.2d at 399. Thus, an
inmate's suit may be dismissed without a hearing when he fails to comply with the
requirements of section 14.004. See Williams v. Brown, 33 S.W.3d 410, 412
(Tex.App.-Houston [1st Dist.] 2000, no pet.). 

 The trial court's dismissal order does not indicate nor recite in what respect
Jackson failed to comply with Chapter 14. Thus, we will review all documents filed by
Jackson in pursuit of his claim mindful that pro se pleadings are evaluated by less stringent
standards than those applied to formal pleadings filed by attorneys. Haines v. Kerner, 404
U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); see also Giddens v. Brooks, 92
S.W.3d 878, 880 (Tex.App.-Beaumont 2002, pet. denied). Section 14.004 requires an
inmate who files an affidavit of inability to pay costs to file a separate affidavit of every suit
filed pro se without regard to whether he was an inmate at the time other than suits filed
under the Texas Family Code. § 14.004(a)(1). Pursuant to subsection (a)(2) the affidavit
shall describe each suit and (A) state the operative facts, (B) list the case name, cause
number, and court in which suit was filed, (C) identify each party, and (D) state the result
of the suit, including whether it was dismissed as frivolous or malicious. Finally, the
affidavit must be accompanied by a certified copy of the inmate's trust account statement. 


 By his affidavit of previous filings, Jackson stated that he had filed a personal injury
suit against the Texas Department of Criminal Justice for "cuts caused to several areas of
my body by the condition and use of identification armbands placed on me by the
defendant." He further provided the cause number, court in which suit was filed, and that
the case was still pending at that time. He did not, however, provide the name of the case. 

 In Gowan v. Texas Department of Criminal Justice, et al., 99 S.W.3d 319, 322
(Tex.App.-Texarkana 2003, no pet.), the inmate's failure to provide the cause number of
a previous suit did not render the affidavit defective because it was apparent from the
record that the substance of the previous suit and the subject action were different and
thus constituted substantial compliance with the requirements of section 14.004. Although
the court in Gowan found substantial compliance with the requirements of section 14.004,
it nevertheless concluded the trial court had not abused its discretion in dismissing the
inmate's suit because the affidavit did not disclose whether the inmate had filed any other
pro se suits against other defendants leaving the trial court in doubt about the extent of his
previous pro se filings. Id. at 322. We decline to follow the Gowan decision which, in
effect, adds an additional statutory requirement to section 14.004 which the Legislature did
not include. 

 Jackson's affidavit contains all the requirements of section 14.004(a)(2) except the
case name. However, because the affidavit states that Jackson filed suit against the
Texas Department of Criminal Justice, it was sufficient to identify him as the plaintiff and
the Department as the defendant and thus constitutes substantial compliance with section
14.004(a)(2)(B).

 The Attorney General contends that Jackson did not provide sufficient operative
facts to satisfy subsection (a)(2)(A) and apprise the trial court of any similarity to his
previously filed suit. This contention fails. Jackson described his previous suit as one for
cuts caused to several areas of his body caused by the condition and use of identification
armbands while his present suit is for pain in his lower back, gluteus maximus, and legs
caused by sitting on concrete floor for extended periods of time. From these facts alleged,
it is apparent that Jackson's present suit was not similar to the one previously filed. 

 As required by section 14.004(c), the clerk's record contains a certified copy of
Jackson's trust account statement. Having reviewed all the requirements of section
14.004, we conclude Jackson's affidavit relating to previous filings complies with all the
statutory requirements. 

 Section 14.005(b) of the Code authorizes a trial court to dismiss an inmate's claim
if he fails to exhaust his administrative remedies through the grievance system. The clerk's
record contains Jackson's Step 1 and Step 2 grievance offender forms in which he details
his complaints regarding his current suit, as well as copies of the written responses from
the grievance system. See § 14.005(a)(1) & (2).

 The record before us demonstrates that Jackson complied with all the requirements
of sections 14.004 and 14.005 in filing his personal injury action. We conclude the trial
court abused its discretion in dismissing his suit for failure to comply with chapter 14 of the
Code. Points of error one and two are sustained.

 We have not overlooked the argument of the Attorney General that the dismissal
order was proper under section 14.003(a)(2) which authorizes a trial court to dismiss an
inmate's action if it is frivolous or malicious or under section 14.003(b)(2) because the
claim has no arguable basis in law or in fact. Here, however, the order of dismissal does
not indicate that it was based upon a determination by the trial court that the action was
frivolous or malicious or that the claim had no arguable basis in law or in fact. See Gaston
v. Coughlin, 249 F.3d 156, 164-66 (2d Cir. 2001) (stating that feces and urine on a prison
floor over an extended period of time when known to prison official may constitute cruel
and unusual punishment remediable by suit). 

 Without expressing any opinion as to the merits of the argument of the Attorney
General, the judgment is reversed and the cause is remanded to the trial court for further
proceedings.

 Don H. Reavis

 Justice