NO. 12-02-00089-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CURTIS HACKNEY,
 § APPEAL FROM THE 369TH

APPELLANT


V.


 

DR. THOMAS FORD, DR. JOE CRAWFORD, § JUDICIAL DISTRICT COURT OF

DR. ANICETO DOMINGUEZ, PRISCILLA

BUCANNON, AND KEITH PRICE,

INDIVIDUALLY AND IN THEIR

OFFICIAL CAPACITIES,

APPELLEES
 § ANDERSON COUNTY, TEXAS

 

 Curtis Hackney, an inmate incarcerated in the Texas Department of Criminal Justice-
Institutional Division (TDCJ), appeals from the dismissal of his suit for improper medical treatment
by Appellees Dr. Thomas Ford, Dr. Joe Crawford, Dr. Aniceto Dominguez, Priscilla Bucannon, and
Keith Price, individually and in their official capacities. In his sole issue, Appellant contends the trial
court abused its discretion in dismissing his suit. We modify the trial court's judgment, and affirm
as modified. 

 While incarcerated, Appellant hurt each knee, although at different times. He had orthoscopic
surgery on each knee at different times and did not receive the medical care or post-operative care he
felt he needed. He filed suit against Appellees alleging deliberate indifference to his serious medical
needs in violation of 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution. 
In his petition, he asked for damages and injunctive relief.

 Appellant filed his original petition on October 11, 1996. The parties participated in several
years of discovery before Appellees filed their motion to dismiss on December 6, 2001. Their motion
was based solely on the allegation that Appellant did not file documents required by Chapter Fourteen
of the Texas Civil Practice and Remedies Code. Asserting that Appellant's claims are frivolous, they
requested the court to dismiss Appellant's suit with prejudice pursuant to Chapter Fourteen. On
December 13, 2001, Appellant filed his unsworn declaration stating he exhausted all available state
administrative remedies. He included copies of two grievance forms he had filed. Both grievances
had been denied. Appellant also filed an unsworn declaration stating that he had not previously filed
any lawsuits pro se. In his response to the motion to dismiss, filed December 26, 2001, Appellant
stated that he had requested a certified copy of his trust account at the time he filed his original
petition. He presumed it had been sent because the trial court granted his request to proceed in forma
pauperis. The record does not contain a certified copy of Appellant's trust account. On February 21,
2002, the trial court granted Appellees' motion and dismissed Appellant's lawsuit.

 Chapter Fourteen of the Civil Practice and Remedies Code applies to inmate litigation. See
Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002). A court may dismiss a suit
brought pursuant to that chapter before or after process is served if the court finds that the claim is
frivolous or malicious. Id. at § 14.003(a)(2). In making its determination under section 14.003, the
court may also take into consideration the requirements imposed by section 14.004, which provides:


 An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate
affidavit or declaration:


 (1) identifying each suit, other than a suit under the Family Code, previously brought by
the person and in which the person was not represented by an attorney, without regard
to whether the person was an inmate at the time the suit was brought; and



 describing each suit that was previously brought by:
 
 stating the operative facts for which relief was sought;
 



 listing the case name, cause number, and the court in which the suit was brought;



 identifying each party named in the suit; and



 stating the result of the suit, including whether the suit was dismissed as frivolous or
malicious under Section 13.001 or Section 14.003 or otherwise.



 

Id. at 14.004(a). Further, the affidavit or unsworn declaration of inability to pay must be accompanied
by the certified copy of the trust account statement required by section 14.006(f). Id. at § 14.004(c).

 Review of a dismissal under Chapter Fourteen is controlled by the abuse of discretion standard. 
Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.-Waco 1996, no writ). The trial court abuses its
discretion if it acts arbitrarily and without reference to any guiding principles. Harrison v. Texas
Dep't of Crim. Justice, 915 S.W.2d 882, 887 (Tex. App.-Houston [1st Dist.] 1995, no writ). We will
affirm the dismissal if it was proper under any legal theory. Birdo v. DeBose, 819 S.W.2d 212, 215
(Tex. App.-Waco 1991, no writ).

 Appellant argues that Chapter Fourteen does not apply to him because he paid $160.00 of his
court costs. However, he originally filed a declaration of inability to pay and did not pay $744.00 in
costs assessed against him in this case. We conclude that Chapter Fourteen does apply to Appellant. 
See Tex. Civ. Prac. & Rem. Code Ann. § 14.002.

 Early in his lawsuit, Appellant filed a document entitled "Declaration in Support of Request
for Leave to Proceed In Forma Pauperis" and cited federal law. He stated that the balance of his
inmate trust fund account was $0.00. He did not, however, attach a certified copy of his trust account
statement as required by section 14.004(c). Therefore, the trial court did not abuse its discretion in
dismissing Appellant's lawsuit. Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.-Houston [1st
Dist.] 2000, no pet.). We overrule Appellant's sole issue.

 The dismissal order does not state whether the dismissal is with or without prejudice. 
Dismissal with prejudice constitutes adjudication on the merits and operates as if the case had been
fully tried and decided. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.-Houston [1st Dist.]
1998, no pet.). Dismissal with prejudice is improper if the plaintiff's failure to comply with the
conditions in Chapter Fourteen can be remedied. See Thomas v. Skinner, 54 S.W.3d 845, 847 (Tex.
App.-Corpus Christi 2001, pet. denied). Here, as Appellant's failure to attach a certified copy of his
trust account statement can be remedied, the proper order is dismissal without prejudice. See
Williams, 33 S.W.3d at 412. Accordingly, we modify the judgment to reflect the cause is dismissed
"without prejudice." As modified, the judgment is affirmed.


 SAM GRIFFITH 

 Justice

Opinion delivered December 4, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


(DO NOT PUBLISH)