NO. 07-04-0476-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 8, 2005

_____

ISIDRO MARTINEZ RAMIREZ, APPELLANT

V.

PROPERTY OFFICER DIETZ, ET AL., APPELLEES

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2004-595441; HONORABLE PAULA LANEHART, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Isidro Martinez Ramirez, an inmate proceeding *pro se* and *in forma pauperis*, challenges the trial court's order dismissing without prejudice his claim against appellees Stuart Shane Dietz and Phillip James Duffy, property officers of the Texas Department of Criminal Justice. Presenting three issues, appellant questions the propriety

of the dismissal for failure to comply with procedural requirements and asserts his suit has an arguable basis in law that precluded dismissal. We affirm.

According to Ramirez's complaint, in October 2003, he was transferred from one unit of the Texas Department of Criminal Justice to another for psychiatric care. Following his transfer, the procedure for psychiatric observation required all his possessions to be taken and stored in the property department. He alleged his prescription glasses, which had been purchased at his own expense as opposed to State-issued, were never returned and that property officer Dietz informed him the glasses had been destroyed. Ramirez alleged numerous causes of action and sought monetary damages, as well as a declaratory judgment declaring his ownership of the destroyed glasses.

The property officers filed a general denial and also asserted affirmative defenses. Several months thereafter, they filed a motion to dismiss alleging Ramirez had not complied with chapter 14 of the Texas Civil Practice and Remedies Code. Without specifying particulars, the trial court dismissed the suit pursuant to chapter 14.

Ramirez presents three issues questioning whether (1) he failed to comply with procedural requirements; (2) he had an arguable basis in law that precluded dismissal; and (3) the trial court should have allowed him the opportunity to replead and cure any defects. We will address the issues simultaneously.

Dismissal of a claim under chapter 14 is reviewed under an abuse of discretion standard. McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535, 536 (Tex.App.–Houston [14th Dist.] 1998, no pet.); *see also* Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ). Abuse of discretion is determined by whether the court acted without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge does not demonstrate that an abuse of discretion has occurred. *Id*.

Ramirez's suit is governed by the rules set forth in chapter 14 of the Code. Thompson v. Henderson, 927 S.W.2d 323, 324 (Tex.App.–Houston [1st Dist.] 1996, no writ). Chapter 14 assists the trial court in determining whether a suit is malicious or frivolous under section 14.003(a). *Hickson*, 926 S.W.2d at 399. Thus, an inmate's suit may be dismissed without a hearing when he fails to comply with the requirements of section 14.004. *See* Williams v. Brown, 33 S.W.3d 410, 412 (Tex.App.–Houston [1st Dist.] 2000, no pet.).

By its order, the trial court dismissed Ramirez's suit pursuant to chapter 14 without specifying the requirements he failed to satisfy. Thus, we will review all requirements of chapter 14 and the documents filed by Ramirez in pursuit of his claim mindful that *pro se* pleadings are evaluated by less stringent standards than those applied to formal pleadings filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652

3

(1972); *see also* Giddens v. Brooks, 92 S.W.3d 878, 880 (Tex.App.–Beaumont 2002, pet. denied).

Section 14.004(a)(1) requires an inmate who files an affidavit of inability to pay costs to file a separate affidavit of every suit filed *pro se* without regard to whether he was an inmate at the time other than suits filed under the Texas Family Code. Pursuant to subsection (a)(2) the affidavit shall describe each suit and (A) state the operative facts, (B) list the case name, cause number, and court in which suit was filed, (C) identify each party, and (D) state the result of the suit, including whether it was dismissed as frivolous or malicious. Under subsection (b), an inmate must declare the date of the final order affirming the dismissal of a previous suit if it was dismissed as frivolous or malicious. Finally, subsection (c) requires that the affidavit be accompanied by a certified copy of the inmate's trust account statement. *See also* § 14.006(f).

An inmate is required to exhaust his administrative remedies as provided by section 14.005(a) of the Code. *See also* Tex. Gov't Code Ann. § 501.008 (Vernon 1998). He must also provide an affidavit or unsworn declaration providing the date he filed a grievance as well as the date he received the written decision from the grievance system. The record must include a copy of the written decision. Once an inmate receives the grievance system's decision, suit must be filed within 31 days or the trial court is authorized to dismiss the action. § 14.005(b).

Ramirez filed an affidavit of previously filed suits to which the officers responded that it was incomplete because it listed only suits filed since Ramirez's incarceration. Relying on Thomas v. Skinner, 54 S.W.3d 845, 847 (Tex.App.–Corpus Christi 2001, pet. denied), in which the court found that a failure to comply with chapter 14 could be remedied through amendment, Ramirez filed an amended affidavit of previous filings. As required, he attached a certified copy of his trust account that reflected activity from January 1, 2004 to June 2004.

Ramirez filed suit on April 14, 2004, and section 14.006(f) requires a trust account to reflect activity during the six months preceding "the date on which the claim is filed." Thus, the trust account should have also included activity dating back to November and December 2003. Ramirez did not comply with all the requirements of section 14.006(f).

Pursuant to section 14.005(a), Ramirez filed an affidavit of exhaustion of administrative remedies including copies of Step 1 and Step 2 grievance forms. However, no copies of written decisions by the grievance system are included in the record and Ramirez concedes he has been unable to obtain copies. He asserts, though, that the property officers were served with copies and have them in their possession, custody, or control. He further requested the court to take judicial notice of the decisions of the grievance system.

In Moore v. Zeller, 153 S.W.3d 262, 264 (Tex.App.–Beaumont 2004, pet. denied), the court recognized that it may take judicial notice of its own records, but declined to take

judicial notice of an inmate's reference to a previous lawsuit. Moore, an inmate who prosecuted a civil rights action against employees of a correctional institution, set out abbreviated grievance information in his petition, but failed to include the dates of the grievance system's decisions or attach written copies of the decisions as required by section 14.005(a)(1) & (2). The court upheld the trial court's dismissal for failure to comply with the requirements of chapter 14.

The importance of the dates and copies of grievance decisions is to enable a trial court to determine if an inmate has timely filed a claim pursuant to section 14.005(b) which requires a claim to be filed before the 31st day after the date the inmate receives the written decision. *See Moore*, 153 S.W.3d at 264. The statute mandates dismissal for an untimely filed claim. § 14.005(b). Despite Ramirez's efforts to obtain copies of the written decisions, he has failed to comply with the mandatory requirements of section 14.005(a)(2). We conclude the trial court did not abuse its discretion in dismissing the suit without prejudice. Issues one, two, and three are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice