NO.
12-06-00278-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

R. THOMAS
WILLIAMS,    §                      APPEAL FROM THE 349TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

HENRY F. REECE, ET AL,

APPELLEES §                      HOUSTON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            R.
Thomas Williams appeals the dismissal of his civil suit against four employees
of the Texas Department of Criminal Justice–Institutional Division.  In two issues, Williams argues that the trial
court did not apply the correct legal standards or principles when it dismissed
his lawsuit and that it should have held a hearing.  We affirm the trial court’s order of
dismissal.

 

Background

            Williams is an inmate in the Eastham
Unit of the Texas Department of Criminal Justice–Institutional Division
(TDCJ).  On April 25, 2006, Williams,
proceeding pro se, filed this lawsuit against Appellees Henry Reece, II, Terrie
Dove, Betty Wade, Aundra Hamilton, and Julie Williams, all of whom he alleges
are employees of the TDCJ.  In his
petition, Williams sought a declaratory judgment as well as compensatory and
punitive damages for an alleged assault and other acts of misconduct, all of
which he alleged violated his constitutional rights and were done under color
of state or federal law.








            On June 8, 2006, the trial court
dismissed Williams’s suit without prejudice as to all claims and gave the
following reasons in its order: (1) Williams failed to file an affidavit
describing the information required by section 14.004, Texas Civil Practice and
Remedies Code, (2) Williams failed to file the claim before the thirty–first
day after he received a written decision from the TDCJ administrative grievance
system pursuant to section 14.005, Texas Civil Practice and Remedies Code, and
(3) Williams failed to file a certified copy of the trust account statement
required by section 14.006, Texas Civil Practice and Remedies Code.  This appeal followed.

 

Dismissal of Suit under Chapter 14

            In two issues, Williams argues that
the trial court should have held a hearing before dismissing the lawsuit and
that the court erred in dismissing the lawsuit.

Analysis

            Chapter 14 of the Texas Civil
Practice and Remedies Code applies to a lawsuit brought by an inmate who has
filed an affidavit or unsworn declaration of inability to pay costs and imposes
several procedural requirements that must be met before such a lawsuit may
proceed.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.002–14.006 (Vernon 2006).  An inmate’s
lawsuit may be dismissed if it fails to meet the procedural requirements
imposed by chapter fourteen.  See Thompson
v. Rodriguez, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no
pet.).  Our review of the dismissal of an
inmate lawsuit is for an abuse of discretion. 
See Williams v. Texas Dep’t of Criminal Justice–Institutional Div.,
176 S.W.3d 590, 593 (Tex. App.–Tyler 2005, pet. denied).

            One of the procedural requirements
imposed by the legislature for inmate lawsuits is that the inmate must file a
certified copy of his inmate trust account statement with his affidavit or
unsworn declaration.  See Tex. Civ. Prac. & Rem. Code Ann. §§
14.004(c), 14.006(f) (Vernon 2006). Williams did not comply with this
requirement.  Therefore, dismissal was
appropriate.  See Thompson,
99 S.W.3d at 330; Hughes v. Massey, 65 S.W.3d 743, 746 (Tex. App.–Beaumont
2001, no pet.); Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.–Houston
[1st Dist.] 2000, no pet.).

            A trial court’s decision as to
whether to hold a hearing before the dismissal of an inmate’s lawsuit for
failure to comply with the statutes governing such litigation is
discretionary.  See Moreland
v. Johnson, 95 S.W.3d 392, 394 (Tex. App.–Houston [1st Dist.] 2002, no
pet.); Williams, 33 S.W.3d at 411; see also Tex. Civ. Prac. & Rem. Code Ann. §
14.003(c) (Vernon 2006) (Court may hold hearing to determine whether case
should be dismissed.).  A hearing is not
required prior to dismissal of an inmate’s lawsuit when the pleadings are
procedurally deficient.  See Gowan
v. Texas Dep’t of Criminal Justice, 99 S.W.3d 319, 323 (Tex. App.–Texarkana
2003, no pet.); see also Moreland, 95 S.W.3d at 394 (Holding that
trial court did not abuse its discretion in denying an inmate the opportunity
to supplement his petition before dismissing case.); Kendrick v. Lynaugh,
804 S.W.2d 153, 156 (Tex. App.–Houston [14th Dist.] 1990, no writ) (The trial
court is under no duty to suggest or recommend that an appellant amend his
pleading.).  The trial court did not
abuse its discretion by not holding a hearing in this case because the defect
was clear and was wholly ascertainable from the record.  See Thomas v. Bilby, 40
S.W.3d 166, 169 (Tex. App.–Texarkana 2001, no pet.).

            Williams argues that the trial
court’s dismissal was based on an overly technical reading of section 14.004
and that the requirement of a certified statement is unclear.  Williams also argues that he filed a
certified copy of his account statement and directs us to the clerk’s
record.  Neither argument is
persuasive.  The requirement of a
certified account statement is exacting, but it serves an important role in
allowing the trial court to determine if the litigant is indeed indigent and
should be allowed to proceed without the payment of costs.  See Hughes, 65 S.W.3d at 745 (“Section
14.006(f) serves a legitimate purpose of controlling the flood of frivolous lawsuits
by requiring that the inmate substantiate his pauper’s status with a trust
account statement.”).  Williams is
correct that the record contains a certified copy of his account
statement.  But that statement was
prepared after the lawsuit was dismissed and filed in conjunction with his
notice of appeal.  Williams did not file
the required certified statement with his lawsuit or before it was dismissed.

            Because we have held that the trial
court did not abuse its discretion by dismissing the lawsuit for Williams’s
failure to file the required certified statement, we do not reach the other
grounds enumerated by the trial court.  See
Tex. R. App. P. 47.1;
Williams v. Brown, 33 S.W.3d 410, 412 n.1 (Tex. App.–Houston [1st
Dist.] 2000, no pet.).  The trial court
did not err when it dismissed Williams’s lawsuit without a hearing because
there was a clear defect in the pleadings. 
We overrule Williams’s first and second issues.

 

Disposition

            We affirm the trial
court’s order of dismissal.  

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

 

Opinion delivered March 14, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)