In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-320 CV


____________________



ARTURO PARRA, Appellant



V.



HELEN SHEFFIELD, ET AL, Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. CIV 22900






MEMORANDUM OPINION


 Arturo Parra, an inmate, filed suit in forma pauperis against the Texas Department
of Criminal Justice Institutional Division and other defendants. Parra's suit is related to
the alleged confiscation of his property by prison officials and his placement in a more
restrictive environment after the confiscation. Parra appeals the trial court's order
dismissing the suit without prejudice pursuant to Chapter 14 of the Civil Practice and
Remedies Code. We conclude the trial court did not abuse its discretion in dismissing
Parra's suit. The dismissal order is affirmed.

 Along with his original petition, Parra filed a declaration of previously filed lawsuits
with his declaration of indigency as required by Chapter 14. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.004(a) (Vernon 2002). The trial court, however, dismissed his suit
without prejudice because Parra failed to file a certified copy of his inmate trust account
statement with his declaration related to previous filings. See Tex. Civ. Prac. & Rem.
Code Ann. §§ 14.004(c), 14.006(f) (Vernon 2002). Parra filed a "Motion for
Reconsideration" asking the court to reinstate his lawsuit. The same day, he filed his
notice of appeal. Parra did not file a copy of his trust account statement until twenty days
after he filed his "Motion for Reconsideration" and notice of appeal.

 Parra raises three issues on appeal. He first contends prison authorities failed to
include his inmate trust fund statement when they mailed his application to proceed in
forma pauperis. Second, he argues the trial court erred in finding he failed to provide a
declaration outlining any previously filed lawsuits. Third, he asserts the trial court abused
its discretion by failing to hold an evidentiary hearing to inquire into the facts surrounding
his failure to include a copy of his inmate trust fund account statement. 

 In Parra's first issue, he argues the trial court erred in dismissing his lawsuit for
failure to file a copy of his trust account statement. According to Parra, he made a written
request to TDCJ officials for a copy of his trust account statement prior to filing suit, and
the statement was either not included by TDCJ officials with his declaration to be mailed
to the court or was misplaced by the clerk of the trial court. Chapter 14 of the Texas Civil
Practice and Remedies Code applies to a lawsuit brought by an inmate who has filed an
affidavit or unsworn declaration of inability to pay costs and enumerates several procedural
requirements that the inmate must adhere to before the lawsuit may proceed. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.002-.006 (Vernon 2002). A trial court may dismiss
an inmate's lawsuit if it fails to meet the procedural requirements imposed by chapter 14. 
See Thompson v. Rodriguez, 99 S.W.3d 328, 330 (Tex. App.--Texarkana 2003, no pet.). 
We review the dismissal of an inmate lawsuit for an abuse of discretion. See Williams v.
Tex. Dep't of Crim. Justice-Inst'l Div., 176 S.W.3d 590, 593 (Tex. App.--Tyler 2005, pet.
denied). 

 One of the procedural requirements for inmate lawsuits is that the inmate must file
a certified copy of his inmate trust account statement with his affidavit or unsworn
declaration related to previous filings. See Tex. Civ. Prac. & Rem. Code Ann. §§
14.004(c), 14.006(f). This requirement is necessary in order for the trial court to
determine if the inmate is indeed indigent and should be allowed to proceed without the
payment of costs. See Hughes v. Massey, 65 S.W.3d 743, 745 (Tex. App.--Beaumont
2001, no pet.) (Section 14.006(f) controls the flood of frivolous lawsuits by requiring the
inmate to substantiate his indigency with his inmate trust account statement.). Because a
copy of Parra's trust account statement was not on file with his affidavit or unsworn
declaration related to previous filings when the trial court entered its dismissal order, the
trial court properly dismissed Parra's lawsuit. See Thompson, 99 S.W.3d at 330; Hughes
v. Massey, 65 S.W.3d at 746; Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.--Houston [1st Dist.] 2000, no pet.).

 Although Parra complains TDCJ or its employees failed to mail the statement along
with his declaration of indigency, or that the trial court clerk misplaced his trust account
statement, these complaints are outside the scope of our appellate jurisdiction. The scope
of our appellate jurisdiction is limited to review of decisions by a lower court. See United
Am. Ins. Co. v. McPhail, 435 S.W.2d 624, 625-26 (Tex. Civ. App.--Tyler 1968, no writ);
see also Walker v. Koger, 131 S.W.2d 1074, 1075 (Tex. Civ. App.--Eastland 1939, writ
dism'd). The trial court dismissed Parra's lawsuit without prejudice and Parra may re-file
his lawsuit. The trial court did not abuse its discretion in dismissing Parra's lawsuit for
his failure to file a copy of his trust account statement. See Thompson, 99 S.W.3d at 330;
Hughes, 65 S.W.3d at 746; Williams, 33 S.W.3d at 412. We overrule Parra's first issue.

 In Parra's second issue, he argues the trial court erred in finding he failed to
provide a declaration outlining any previously filed lawsuits because such declaration was
on file at the time of the dismissal. The trial judge's notation on the dismissal order
indicates Parra's failure to file a copy of his trust account statement as the trial court's only
basis for dismissal. We overrule Parra's second issue.

 Last, Parra maintains the trial court erred and abused its discretion by failing to hold
an evidentiary hearing to inquire into the facts surrounding his failure to file a copy of his
trust account statement with his affidavit or unsworn declaration related to previous filings. 
A trial court's decision as to whether to hold a hearing before dismissing an inmate's
lawsuit for failure to comply with the statutes governing such litigation is discretionary. 
See Moreland v. Johnson, 95 S.W.3d 392, 394 (Tex. App.--Houston [1st Dist.] 2002, no
pet.); Williams, 33 S.W.3d at 411; see also Tex. Civ. Prac. & Rem. Code Ann. §
14.003(c) (Vernon 2006) (Court may hold hearing to determine whether case should be
dismissed.). A hearing is not required prior to dismissal of an inmate's lawsuit when the
pleadings are procedurally deficient. See Gowan v. Tex. Dep't of Crim. Justice, 99
S.W.3d 319, 323 (Tex. App.--Texarkana 2003, no pet.). Here, the trial court did not
abuse its discretion by not holding a hearing because the record establishes Parra's
pleadings are procedurally defective. Thomas v. Bilby, 40 S.W.3d 166, 169 (Tex. App.--Texarkana 2001, no pet.). Parra's third issue is overruled. We affirm the trial court's
dismissal order.

 AFFIRMED. 


 __________________________________

 CHARLES KREGER

 Justice


Submitted on January 18, 2007

Opinion Delivered June 21, 2007



Before Gaultney, Kreger and Horton, JJ.