Opinion issued February 18, 2010

 




 
 
 
 
 




 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 



 

NO. 01-08-00687-CV

 



 

NATHAN SNOWDEN, Appellant

 

V.

 

RISSIE OWENS AND LINDA GARCIA, Appellees

 



 

On Appeal from the 412th District Court








Brazoria County, Texas

Trial Court Cause No. 48329

 



 

MEMORANDUM
OPINION

          Appellant
Nathan Snowden appeals the trial court’s judgment dismissing his case with
prejudice.  Snowden filed suit against
two employees of the Texas Board of Pardons and Paroles alleging that they
violated his rights in denying him parole. 
Snowden prayed for a declaratory judgment, a court order, and a permanent
injunction requiring the Board of Pardons and Paroles to follow certain
procedures in evaluating his eligibility for parole in the future.  The trial court dismissed Snowden’s claims
with prejudice because he “failed to state a cause of action as a matter of
law.”  In two issues, Snowden challenges
the trial court’s dismissal of his case and the fact that the trial court
dismissed it with prejudice.  We modify
the trial court’s judgment to show dismissal without prejudice, and we affirm
the judgment as modified.

Background

          In 1991,
Snowden was convicted of murder.  He is
currently incarcerated at the Darrington Unit of the Texas Department of
Criminal Justice (“TDCJ”).  In May 2008,
Snowden filed suit, pro se, against Rissie Owens and Linda Garcia, employees of
the Texas Board of Pardons and Paroles. 
Snowden asserted claims under sections 1981, 1983, 1985, and 1986 of
title 42 of the United States Code. 
Specifically, Snowden alleged the following:

Plaintiff asserts
claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 for violation of
Plaintiff’s right by conspiring to, and arbitrarily and capriciously denying
Plaintiff parole through the retroactive use of law, policies, guidelines and
procedures that were not in effect when Plaintiff’s commitment offense was
committed that makes it harder for Plaintiff to make parole, use of racial
discrimination to deny Plaintiff parole, retaliation for Plaintiff’s legal
activities, a failure to supervise and train, and a violation of Texas law in
reviewing Plaintiff for parole.

 

Snowden filed unsworn declarations of inability to pay costs
and his previous filings.  In his
declaration of previous filings, Snowden disclosed that he had filed only one
lawsuit during his incarceration, and he described the claims as:
“unconstitutional parole policies, procedures, denial of due process in parole
review, ex post facto application of parole law, unconstitutional parole
guidelines.”  Snowden also filed a motion
for in camera inspection, in which he asked the trial court to order Owens and
Garcia to file essentially all records regarding parole decisions since January
2004.[1]  The appellate record does not disclose
whether Owens and Garcia were served or responded.[2]
  On July 23, 2008, the trial court dismissed
Snowden’s case with prejudice because he “failed to state a cause of action.”  

Standard of Review

We generally review a trial court’s
dismissal of an inmate’s suit under Chapter 14 of the Texas Civil Practice and
Remedies Code for abuse of discretion.  See Thompson v. Tex. Dep’t of Crim. Justice—Institutional
Div., 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).  We will affirm a dismissal under any correct
legal theory applicable to the case.  See Birdo v. DeBose, 819 S.W.2d 212, 215
(Tex. App.—Waco 1991, no writ).  

Inmate Litigation

Chapter 14 of the Texas Civil
Practice and Remedies Code governs inmate litigation.  See Tex. Civ. Prac. & Rem. Code Ann. §§
14.001–.014 (Vernon 2002).  When an
inmate files an unsworn declaration of inability to pay, the trial court has
broad discretion to dismiss the suit as frivolous or malicious.  Id.
§ 14.003(a)(2); Lentworth v. Trahan, 981
S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  In determining whether a claim is frivolous or
malicious, a trial court may consider whether (1) the claim’s realistic chance
of ultimate success is slight; (2) the claim has no arguable basis in law or in
fact; (3) it is clear that the party cannot prove facts in support of the
claim; or (4) the claim is substantially similar to a previous claim filed by
the inmate because the claim arises from the same operative facts.  Id.
§ 14.003(b)(1)–(4).  

An inmate seeking to proceed in forma pauperis must file a separate
affidavit or declaration describing each suit the inmate has previously filed
pro se, other than a suit under the Family Code.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002).  The affidavit or declaration must (a) describe
the operative facts for which relief was sought; (b) list the case name, cause
number, and the court in which the suit was brought; (c) identify each party
named in the suit; and (d) state the result of the suit, including whether the
suit was dismissed as frivolous or malicious. Id. § 14.004(a)(2).  These
requirements were enacted to allow the trial court to determine whether an
inmate’s present claim is similar to a previously-filed claim. See Clark v. J.W. Estelle Unit, 23
S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (stating that
“[t]he purpose of section 14.004 is to curb the constant, often duplicative,
inmate litigation, by requiring the inmate to notify the trial court of
previous litigation and the outcome”).  In
addition, the affidavit or declaration relating to previous filings must be
accompanied by a certified copy of the inmate’s trust account statement.  Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.004(c), 14.006(f) (Vernon 2002).  

 

Dismissal

          In his first
issue, Snowden argues that the trial court abused its discretion by dismissing
his suit for failure to state a claim.  Under
Chapter 14, dismissal of Snowden’s suit was not an abuse of discretion because it
was substantially similar to a previous claim and because Snowden did not file
a copy of his inmate trust account statement.

Substantially Similar
to Previous Claim

Snowden’s declaration of previous
filings showed one prior lawsuit for “unconstitutional parole policies,
procedures, denial of due process in parole review, ex post facto application
of parole law, unconstitutional parole guidelines.”  These are the same kinds of claims that he
raised in this case.  Snowden did not
describe the operative facts or the outcome of the previous litigation.  In Clark,
this Court affirmed the trial court’s dismissal for failure to state a claim
because Clark’s affidavit of previous filings did not state the operative facts
for which he sought relief in prior suits and, thus, did not satisfy the
requirements of section 14.004.  Clark, 23 S.W.3d at 422.  “As such, we must assume the suit is
substantially similar to a previously filed suit by the inmate, and is,
therefore, frivolous.”  Id. 
Similarly, Snowden’s declaration of previous filings did not satisfy the
requirements of section 14.004, because it did not state the operative facts or
outcome of his prior suit.  Moreover, it
described claims similar to those brought in this suit.  Dismissing Snowden’s case under these
circumstances was not an abuse of the trial court’s discretion.  See id.

No Trust Account
Statement

In addition, Snowden did not file the
inmate trust account statement required by Section 14.004(c).  “Chapter 14 does not provide an inmate with
the right to file a suit without the trust account statement, no matter the
reason that the inmate has not provided it.” 
Jedkins v. Varghese, No.
14-08-00895-CV, 2009 WL 5149877, at *2 (Tex. App.—Houston [14th Dist.] Dec. 31,
2009, no pet. h.) (mem. op.).  Thus, we
hold that Snowden’s suit was subject to dismissal for noncompliance with the
statutory requirements for inmate suits filed in forma pauperis.[3]  See
Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no
pet.); Jedkins, 2009 WL 5149877, at
*2; Mullins v. Schumacher, No. 09-03-497-CV,
2004 WL 1299991, at *3 (Tex. App.—Beaumont June 10, 2004, no pet.) (mem. op.).  

We conclude that the trial court did
not abuse its discretion by dismissing Snowden’s case.[4]
  We overrule Snowden’s first issue.

Dismissal with Prejudice

          In his second
issue, Snowden contends that the trial court abused its discretion by
dismissing his case with prejudice.  A
dismissal with prejudice constitutes an adjudication on the merits and operates
as if the case had been fully tried and decided.  Ritchey
v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999); Williams, 33 S.W.3d at 412; Lentworth,
981 S.W.2d at 722; Jedkins, 2009 WL
5149877, at *3.  In Lentworth, this Court said:

Dismissal is properly made with prejudice in the
following situations: (1) as a sanction for abuse of discovery, see Tex.
R. Civ. P. 215; (2) on the failure of a plaintiff to amend deficient
pleadings when given that opportunity, see
Hubler v. City of Corpus Christi, 564 S.W.2d 816, 823 (Tex. Civ. App.—Corpus
Christi 1978, writ ref’d n.r.e.); (3) for the violation of a pretrial order, see Koslow’s v. Mackie, 796 S.W.2d 700,
704 (Tex. 1990); and (4) on agreement of the parties, see generally Golodetz
Trading Corp. v. Curland, 886 S.W.2d 503 (Tex. App.—Houston [1st Dist.]
1994, no writ) (allowing that parties could agree to dismiss suit with
prejudice).

 

Lentworth, 981 S.W.2d at 722–23.  None of these factors is present in this
case, and the proper order is dismissal without prejudice.  See
Williams, 33 S.W.3d at 412 (reforming judgment dismissing case based on
failure to comply with Chapter 14 to show dismissal without prejudice); Lentworth, 981 S.W.2d at 723 (reforming
judgment dismissing case with no arguable basis in law to show dismissal
without prejudice); Mullins, 2004 WL
1299991, at *3 (reforming judgment dismissing case for failure to file inmate
trust account statement to show dismissal without prejudice); contra Cain v. Tx. Bd. of Pardons and
Paroles, 104 S.W.3d 215, 219 (Tex. App.—Austin 2003, no pet.) (affirming
dismissal with prejudice because case had no arguable basis in law).

Conclusion

          We
modify the trial court’s judgment to state that Snowden’s case is dismissed
without prejudice.  As modified, the judgment
is affirmed.

 

 

 

Michael
Massengale

Justice

 

Panel consists of
Justices Keyes, Sharp, and Massengale.

 

 











[1]
            Snowden
requested the trial court order the defendants to file “a copy of the
Plaintiff’s parole file and any other records concerning Plaintiff and parole
held by the Board of Pardons and Paroles and the Texas Department of Criminal
Justice,” “all records concerning denial or release on parole of all prisoners
by race in the Texas Department of Criminal Justice from January 2004 to
present,” “all their records showing how they voted for prisoners in the Texas
Department of Criminal Justice concerning denial or granting release on parole
by race,” “all the records of all the Parole Board members and commissioners
concerning the granting or denial of release by race since January 2004 to
present.”  





[2]        The appellate record shows no responses
or motions filed by Owens or Garcia in the trial court.  Similarly, Owens and Garcia filed no brief in
our Court.





[3]        In his
brief, Snowden argues, “In the instant case, the Appellant correctly named all
defendants and complied with all the rules governing the filing of in forma pauperis suits in state
court.”  The appellate record does not
substantiate this statement.





[4]       Because we
conclude that the trial court did not abuse its discretion by dismissing
Snowden’s case, we need not address whether Snowden’s claims have an arguable
basis in law.