**Opinion issued April 21, 2015**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-14-00790-CV

————————————

**SENRICK WILKERSON, Appellant**

**V.**

**RAMSEY 1 UNIT, Appellee**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 78470-I**

---

## MEMORANDUM OPINION

Senrick Wilkerson, an inmate, appeals the trial court's judgment dismissing Wilkerson's underlying civil action as frivolous. In this appeal, Wilkerson has filed a motion to appoint counsel with an attached affidavit of inability to pay costs. We denied Wilkerson's motion for appointment of counsel on November 13, 2014. We

conclude that Wilkerson has failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code and therefore dismiss his appeal without reaching the merits of his challenge to the trial court's dismissal. *See*, *e.g.*, *Deroven v. Blanchard*, No. 10-14-00223-CV, 2014 WL 5316730, at *1 (Tex. App.—Waco, Oct. 16, 2014, no pet.); *Palmer v. Livingston*, No. 13-12-00756-CV, 2014 WL 4402525, at *3 (Tex. App.—Corpus Christi-Edinburg, Sept. 2, 2014, no pet.); *Frey v. Foster*, No. 06-13-00086-CV, 2014 WL 1004494, at *3-4 (Tex. App.—Texarkana Mar. 14, 2014, pet. denied); *Cantu v. Curran*, No. 14-13-00704-CV, 2014 WL 866027, at *2 (Tex. App.—Houston [14th Dist.] Mar. 4, 2014, pet. denied).

Because this case involves a suit brought by an inmate in a district court in which the inmate filed an affidavit or unsworn declaration of inability to pay costs, the action is governed by Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014). "A trial court may dismiss an inmate's lawsuit for failing to comply with the procedural requirements of Chapter 14." *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.)).

Effective as of January 1, 2012, Chapter 14 of the Civil Practice and Remedies Code was amended so that its requirements regarding inmate litigation

apply to actions filed in an appellate court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (as amended, Chapter 14 applies to "*an action, including an appeal* or original proceeding, *brought by an inmate* in a district, county, justice of the peace, or small claims court or an *appellate court*, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.") (emphasis added); *see also Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Hickman v. Tex. Dep't of Criminal Justice*, No. 13-12-00437-CV, 2013 WL 3770916, at *2 (Tex. App.—Corpus Christi-Edinburg July 18, 2013, no pet.). "When an inmate litigant files an affidavit or unsworn declaration of inability to pay costs, Chapter 14 requires the inmate to file an *additional* affidavit or declaration setting forth specific details on all previous actions filed *pro se*, other than a suit brought under the Texas Family Code." *Moffett*, 418 S.W.3d at 339 (emphasis in original) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)); *see also Douglas v. Porter*, No. 14-10-00055-CV, 2011 WL 1601292, at *2–3 (Tex. App.—Houston [14th Dist.] Apr. 26, 2011, pet. denied). This additional affidavit or unsworn declaration must be accompanied by a certified copy of the inmate's "trust account statement." TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c), 14.006(f) (West Supp. 2014).

"The filings required under [C]hapter 14 are 'an essential part of the process by which courts review inmate litigation.'" *Douglas v. Turner*, 441 S.W.3d 337, 339 (Tex. App.—Waco 2013, no pet.) (quoting *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ)); *see also Hickman*, 2013 WL 3770916, at *2. Failure to file the required affidavit or declaration of previous filings or the inmate account statement can result in dismissal without notice or hearing. *See Turner*, 441 S.W.3d at 339; *see also Hickman*, 2013 WL 3770916, at *2. When the inmate fails to comply with the affidavit requirements, the court may assume that the current action is substantially similar to one previously filed by the inmate and is frivolous. *See Turner*, 441 S.W.3d at 339; *see also Hickman*, 2013 WL 3770916, at *2.

On appeal, Wilkerson filed an affidavit of inability to pay costs as an attachment to his motion for appointment of counsel.  However, Wilkerson did not file a certified copy of his inmate trust account statement with his affidavit of inability to pay costs, nor did he file an additional affidavit or declaration relating to previous filings. After being notified that this appeal was subject to dismissal unless he fulfilled all of the missing Chapter 14 requirements, Wilkerson filed a copy of his trust account statement but failed to file an affidavit or declaration regarding previous filings. Accordingly, because the requirements of Chapter 14 apply to this appeal and have not been met, we dismiss the appeal without notice as

4

frivolous. *See Gozdowski v. T.D.C.J.–I.D.*, No. 12-14-00350-CV, 2014 WL 6983246, *1 (Tex. App.—Tyler Dec. 10, 2014, no pet.); *Palmer*, 2014 WL 4402525, at *3; *Walker v. Jones*, No. 10-13-00378-CV, 2013 WL 5952134, at *1 (Tex. App.—Waco Nov. 7, 2013, no pet.); *Hickman*, 2013 WL 3770916, at *2; *Turner*, 441 S.W.3d at 339. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland and Massengale.