

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00430-CV

_____

ROGELIO REGALADO, Appellant

V.

MANAGEMENT & TRAINING CORPORATION, WARDEN L. THOMAS, AND
M. REMBERT, Appellees

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CV23-07-542

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Rogelio Regalado, a pro se inmate, appeals from a judgment dismissing his suit with prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. Regalado raises four issues in his brief[1]: (1) the trial court abused its discretion by dismissing his suit with prejudice; (2) the trial court should have allowed him to amend his pleadings; (3) the trial court abused its discretion by dismissing the suit; and (4) Chapter 14 of the Civil Practice and Remedies Code is per se unconstitutional "to the extent [it does] not provide for . . . [a] fair opportunity to respond to motions to dismiss prior to dismissal of claims." We modify the trial court's judgment to dismiss Regalado's suit without prejudice, and we affirm the judgment as modified.

## I. BRIEF BACKGROUND

On July 26, 2023, Regalado sued appellees Management & Training Corporation, Warden L. Thomas, and M. Rembert alleging that he had been injured as a result of conditions related to a work assignment in the prison's laundry department. At the end of the petition, Regalado stated that he had filed a Step 1 grievance "for the issues giving rise to this suit on or about March 12, 2023," but that he "never received a response from the Unit Grievance Investigator." He further alleged that he

---

[1]We agree with appellees that much of appellant's corrected brief, which we allowed him to amend, still contains formal defects. But because we can ascertain the substance of appellant's arguments, to which well-defined law applies, we decline to strike the brief. *See* Tex. R. App. P. 38.9.

had filed another Step 1 grievance and that a Step 2 grievance was "being processed in Huntsville, Texas."

An affidavit of previous filings was not filed with or close in time to Regalado's petition,[2] but Regalado filed an unsworn Statement of Inability to Afford Payment of Court Costs or an Appeal Bond. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a). He did not attach to his petition or otherwise file a certified copy of his inmate-trust-account statement. *See id.* §§ 14.004(c), 14.006(f).

On October 11, 2023, appellees filed a motion to dismiss the suit as frivolous because they had not been served with an affidavit of previous filings[3] and because Regalado's "Step 2 grievance was not resolved prior to his filing of the lawsuit."[4] Two

---

[2]According to Regalado's postjudgment motion to reinstate, he had included an affidavit when he filed the petition, but the Wise County District Clerk mistakenly filed it in a different cause number.

[3]Similarly to another suit filed by Regalado, "Appellees did not cite any authority for the proposition that an inmate's suit must be dismissed if the inmate does not serve the defendant with a copy of the affidavit or declaration . . . ." *Regalado v. Mgmt. & Training Corp.*, No. 02-23-00351-CV, 2024 WL 2066369, at *2 n.3 (Tex. App.—Fort Worth May 9, 2024, no pet. h.) (mem. op.).

[4]*See* Tex. Gov't Code Ann. § 501.008(d) (prohibiting inmate from filing state-court claim "regarding operative facts for which the grievance system provides the exclusive administrative remedy until . . . the inmate receives a written decision issued by the highest authority provided for in the grievance system" or—if inmate has not received a written decision—until "the 180th day after the date the grievance is filed"). Regalado alleged that he filed his Step 1 grievance on or about March 12, 2023. The 180th day after March 12, 2023, was September 8, 2023. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(c) ("If a claim is filed before the grievance system procedure is complete, the court shall stay the proceeding with respect to the claim

3

days later, Regalado filed an affidavit of previous filings in the trial court; the postage stamp on the accompanying photocopied envelope is dated October 10, 2023—the day before the dismissal motion was filed. On October 23, 2023, the trial court signed an order granting appellees' motion and dismissing Regalado's suit with prejudice.

## II. ANALYSIS

We address Regalado's second and third issues first because they pertain to the dismissal's merits. A prison inmate who files a suit pro se and seeks to proceed without prepayment of costs must comply with Chapter 14's procedural requirements; if the inmate fails to do so, the trial court may dismiss the suit. *Butler v. Collier*, No. 12-20-00124-CV, 2020 WL 7392887, at \*1 (Tex. App.—Beaumont Dec. 16, 2020, pet. denied) (mem. op.). Regalado failed to comply with Chapter 14's mandatory requirement that he attach a certified copy of his inmate-trust-account statement to his statement of inability to pay costs; thus, we hold that the trial court did not err by dismissing his suit. *See id.* at \*2; *see also Vaughn v. State*, No. 05-19-00366-CV, 2020 WL 4013148, at \*1–3 (Tex. App.—Dallas July 16, 2020, no pet.) (mem. op., not designated for publication)[5] (affirming sua sponte dismissal for failure to comply with

---

for a period not to exceed 180 days to permit completion of the grievance system procedure.").

[5] *See* Tex. R. App. P. 47.7(b) (providing erroneous "do not publish" designation does not affect civil memorandum opinion's precedential value).

Chapter 14). Moreover, the trial court did not have to afford Regalado the opportunity to amend his pleadings before doing so. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a); *see, e.g.*, *Sporn v. Marcantonio*, No. 11-22-00044-CV, 2023 WL 5109777, at *4 (Tex. App.—Eastland Aug. 10, 2023, no pet.) (mem. op); *Douglas v. Moffett*, 418 S.W.3d 336, 340 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("[W]hen an inmate litigant fails to file the required inmate trust account statement, the court is entitled to assume that the allegation of indigency is false and may dismiss the suit under section 14.003(a)(1) without notice or hearing."). We therefore overrule Regalado's second and third issues. We also overrule Regalado's constitutional challenge to Chapter 14's dismissal procedure because he failed to timely raise it in the trial court. *See* Tex. R. App. P. 33.1(a)(1); *Perry v. Smyth*, No. 13-19-00301-CV, 2020 WL 2776527, at *2 (Tex. App.—Corpus Christi–Edinburg May 28, 2020, no pet.) (mem. op.); *see also Sporn*, 2023 WL 5109777, at *4 (holding that provision allowing immediate dismissal for failure to comply with Chapter 14's procedural requirements does not violate due process).

In his first issue, Regalado claims that the trial court should have dismissed his suit without prejudice. Appellees do not respond to this argument.

A dismissal with prejudice is a ruling on the merits and is therefore improper if the trial court's dismissal is based on procedural defects that the inmate can remedy. *Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied). The Chapter 14 procedural defects in Regalado's suit are capable of being remedied.

5

*See Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.).[6]  Thus, we sustain Regalado's first issue.

### III.  CONCLUSION

Having sustained Regalado's first issue, but having overruled his second through fourth issues, we modify the trial court's judgment to read "that all of Plaintiff's causes of action against Defendants are dismissed without prejudice to refiling of same."  As modified, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  July 11, 2024

---

[6]This procedural holding should not be construed to apply to the ultimate merits of jurisdiction, immunity, or any other matters that could be raised in response to Regalado's personal-injury claims.  Although appellees alleged in their motion to dismiss that—to the extent Regalado raised Texas constitutional claims for damages in his petition—those claims are barred, (1) Regalado did not specify in his petition under what authority he was bringing his personal-injury claims, and (2) appellees did not urge this ground to justify a partial dismissal with prejudice.